### SVOBODA v. BROOKING et al.

No. 18475.   Opinion Filed Sept. 25, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Operating Concrete-Mixer by One of Four Employees Held "Hazardous Employment" and His Injuries Compensable.**

Where an employer is engaged in operating a blacksmith shop and also buys and sells sand, crushed rock, and gravel, and has an employee whose duty it is to haul or deliver the crushed rock, sand, and gravel and other building materials, and to overhaul and repair the trucks used for such purpose, and his employer begins the construction of a warehouse and is at that time using four employees, and the employee is operating a concrete-mixer and is injured, a finding of the Industrial Commission that the same was a hazardous occupation and comes within the industrial law of Oklahoma, is correct, and will not be disturbed on review by this court.

2. **Same—Award Supported by Evidence not Disturbed on Appeal.**

On all questions of fact the award and judgment of the Industrial Commission is final and will not be disturbed by this court on review where there is any competent evidence supporting the same.

Original action in Supreme Court by Joe Svoboda to review an award of the State Industrial Commission in favor of Lewis Brooking. Affirmed.

A. T. Morrison and A. L. Morrison, for petitioner.

Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

CLARK, J. This is an original action filed in this court by Joe Svoboda, petitioner, to review an award of the Industrial Commission made and entered the 31st day of May, 1927, which awarded to the respondent, Louis Brooking, $9.61 per week for 100 weeks and medical expenses incurred by claimant as a result of an accident. The Industrial Commission found that respondent was injured while performing manual labor arising out of and in the course of his employment, Petitioner contends that the award of the Industrial Commission is in error in this: (1) That the employment was not hazardous. (2) That Svoboda was not an employer within the meaning of the industrial law. (3) That the claimant was not an employee. (4) That they were not engaged in an employment as defined by the Workmen's Compensation Act. (5) The claimant's disregard of instructions and orders of the employer, and that his injuries occurred by reason thereof.

The record discloses that petitioner Svoboda was operating a blacksmith shop and was also engaged in the mercantile business. He bought and sold coal, sand, cement, crushed rock, and other building materials. It was the duty of the claimant to load and haul in trucks the different building materials.

On the day of the injury, which was on or about July 31, 1926, petitioner was engaged in building or constructing a warehouse. He was using a concrete-mixer with a gasoline motor for turning. This motor

would not operate. Respondent, Lewis Brooking, attempted to crank the motor. The crank flew off and struck him in the eye, which resulted in the loss of vision of the right eye. At the time respondent, Brooking, was injured, three or four other men were working with him and were constructing concrete foundations or concrete pillars for petitioner's warehouse. There is no question but what Brooking was the employee and Svoboda was employer.

Section 7283, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, provides what employments are hazardous, and provides, among other things, "construction work," and section 7284, as amended by chapter 61, Session Laws 1923, provides:

" 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283. * * *"

The construction of buildings or any construction work where machinery is used comes within the definition of hazardous employment.

Svoboda was building a warehouse and employed four men to work for him, which comes within the act.

Whether or not respondent was injured in the course of his employment is a question of fact which is amply supported by the record.

Petitioner contends that the employment was casual, and cites many cases from other states holding with this contention, but none of these states has a statute similar to ours. Most of them except casual employment, but this was not a casual employment, as the employee had been working for some time with petitioner, and it was his duty to haul rock, gravel, and sand, and to overhaul the trucks used in the hauling of this rock, gravel, and sand, and at the time of the injury he was operating a concrete-mixing machine, which clearly comes within the statutory definition of hazardous employment.

This court, in the case of Wick v. Gunn, 66 Okla. 316, 169 Pac. 1087, in the first and second paragraphs of the syllabus said:

"1. The Workmen's Compensation Act of this state (Laws 1915, c. 246) must be construed as a whole, and all presumptions indulged will be in favor of those for whose protection the statutory compensation was fixed. and who, by the terms of the act, are deprived of the ordinary remedies open to others whose rights are invaded.

"2. In order to defeat an award for injuries under the Workmen's Compensation Act, the case must come clearly within the statutory exceptions barring the award. The burden of proof is upon the employer to establish facts constituting a bar to compensation."

It is next contended that claimant was cranking the machine against instructions of petitioner, Svoboda. Svoboda testified that he issued orders for the men not to crank the machine. Brooking testified that he never had any such instructions. The record discloses that Svoboda put Brooking in charge of the concrete-mixer and the running of it. This was a question of fact found by the Industrial Commission against the contention of petitioner, and the rule is too well settled to need citation of authorities that, where there is any evidence reasonably tending to support the finding and award of the Industrial Commission, the same will not be disturbed on review by this court.

The award of the Industrial Commission is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 42, §35; anno. L. R. A. 1918F, 230; 28 R. C. L. p. 718; 5 R. C. L. Supp. p. 1555. (2) Workmen's Compensation Acts—C. J. p. 122, §127.