## INGRAM DRUG CO. v. O'BRIEN et al.

No. 24023.   Opinion Filed July 5, 1933.

Pierce, Follens & Rucker, for petitioners.

L. V. Reid, H. V. Lewis, and Rayford S. Reid, for respondent E. E. O'Brien.

CULLISON, V. C. J. This is an original proceeding in this court to review an award of the State Industrial Commission rendered August 4, 1932, in favor of E. E. O'Brien, claimant. The transcript of the record discloses that on March 31, 1932, the claimant herein sustained an accidental injury while employed by the Ingram Drug Company, one of the petitioners herein. Said injury occurred when claimant climbed upon a refrigerator to wind a clock that had stopped, slipped and fell, fracturing a small bone in the hip. Thereafter claimant filed with the Commission his claim for compensation, and several hearings were had, at the conclusion of which an award was entered in favor of claimant in the sum of $123 for temporary total disability. Said award ordered petitioners to pay claimant's medical and hospital bills, and left the determination of claimant's permanent disability, if any, to be determined at a later date.

Petitioners complain of the award in nine particulars, which they discuss under three propositions, to wit:

(1) The Commission has no jurisdiction for the reason that the Ingram Drug Store is not engaged in a business covered by and subject to the terms and provisions of the Workmen's Compensation Act.

(2) The claimant was not engaged in manual or mechanical labor of a hazardous nature.

(3 The Industrial Commission has no jurisdiction of the claimant or your petitioners, as there was only one employee.

The first and second propositions, just quoted, are directed to the first finding of fact by the Commission in its award, which finding is as follows:

"That the claimant herein, on and prior to March 31, 1932, was in the employment of this respondent and engaged in a hazardous occupation within and covered by the terms and provisions of the Workmen's Compensation Law"

—and will be discussed together. Claimant was corroborated in his testimony that the Ingram Drug Store had a wholesale department that was located in the basement of the store. That his duties consisted almost altogether of receiving shipments of goods that came to the store for distribution and sale to other drug stores, at the freight elevator, checking and counting the cases, separating and labeling and placing same on the shelves of the wholesale department, and when the goods were purchased by other stores from that department, it was his duty to pack them and get them back to the elevator for delivery.

The Workmen's Compensation Act defines the classes of industries and business enterprises which come within the meaning thereof. Among these hazardous employments included in the act is listed "wholesale

mercantile establishments, employees employed exclusively as clerical workers excepted." Such hazardous employment is defined as manual or mechanical work, or labor, connected with or incident to one of the occupations enumerated as coming within the act.

Under the provisions of the act, an employer may conduct different departments of business, some of which are within the provisions of the act and some of which are not within the provisions of the act. Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. (2d) 1066. The record in the case at bar discloses that claimant's employer conducted a wholesale department in line with its other business, and that while employed in said wholesale department in a capacity other than that of one doing clerical work exclusively, the claimant received an accidental personal injury. Claimant was the assistant manager of the store and in charge of the wholesale department. While in the discharge of his duties as such he climbed upon a refrigerator to wind a large wall clock that had stopped, and while so doing slipped and fell and injured himself. Claimant was taken to the hospital and given proper medical attention.

This court has held that where the Commission has determined from the evidence the fact that the claimant is engaged in a given employment, determined his duties under such employment, determined that he has sustained injuries while in the discharge of his duties, and the extent of such injuries, together with all facts pertaining thereto, it then becomes a question of law whether such facts come within the meaning of the term "hazardous employment," defined, supra. Drumright Feed Co. v. Hunt, 90 Okla. 277 (2d case), 217 P. 491. The Commission made its conclusion of law that the facts in the case at bar showed that claimant was employed in a hazardous occupation within the terms of the Compensation Law when injured. Upon this question of law the Commission did not err. We do not think it can be seriously contended that claimant when injured was not performing manual or mechanical labor in connection with and incident to the operation of the wholesale department of his employer's store.

The third and last contention of petitioners, supra, is that there was only one employee, and that by reason thereof no jurisdiction of the parties was vested in the Commission. The record shows testimony of Mr. Lyons, manager of the store, to the effect that there were two negroes employed by the store who had access to this (wholesale) department as a part of their daily duties, and that they were charged with the responsibility of doing whatever work the claimant wanted done in the wholesale department. There was further testimony that claimant had at his command any of the men on the main floor upstairs to help him in the wholesale department. A total of 16 men were employed in both departments of the store. This court has held, in Republic Supply Co. v. Davis, 159 Okla. 21, 14 P. (2d) 222, that the two or more workmen required to be employed in a hazardous employment need not be employed at the same place. In the case at bar it is immaterial whether all the employees in the wholesale department be employed in said department all the time. The finding by the Commission of the number of workmen employed is one of fact. Grace v. Vaught, 108 Okla. 187, 235 P. 590. Therefore, in view of the testimony on this point outlined, supra, said finding will not be disturbed upon review by this court, in view of section 7294, C. O. S. 1921, as amended by section 7, ch. 61, S. L. 1923, there being competent evidence reasonably tending to support the same.

The petition to vacate is denied, and the award affirmed.

RILEY, C. J., and McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL, J., dissents. ANDREWS, J., absent.