## LEE WAY STAGE LINES et al. v. SIMMONS et al.

No. 24466. Nov. 14, 1933.

Randolph, Haver, Shirk & Bridges, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission in favor of F. J. Simmons, hereinafter referred to as claimant, against Lee Way Stage Lines, hereinafter referred to as petitioner.

Petitioner operated a bus line under a class "A" permit from the Corporation Commission. An office was maintained at Clinton, Okla., and claimant was employed to perform a variety of duties. He drove a taxicab, sold tickets, answered the telephone, and assisted passengers with their baggage. The record shows that the claimant was the only employee in and around the station after five o'clock p. m., and he looked after the business until about three o'clock in the morning. On the 27th day of May, 1932, about midnight, a bus caught fire in the shop. Claimant turned in the fire alarm. While attempting to put out the fire, his clothing caught fire, and his left leg was badly burned.

After a hearing, the Commission made an award for temporary total disability and a 20 per cent. permanent partial disability to the left foot.

The only contention raised here is that the Commission was without jurisdiction to make an award since claimant's employment did not come within the provisions of the Workmen's Compensation Act.

It is conceded that a class "A" motor carrier is not within the terms of the act and the same is true regarding claimant's employment as a taxicab driver.

Claimant relies upon the fact that in connection with the operation of the bus line, petitioner operated a garage in which there was an air compressor, a valve grinder machine, and a reboring machine operated by electric power, constituting the same a workshop in which power-driven machinery is used; that in addition to the duties above enumerated, it was also his duty to wash, grease, and do minor repair work on the busses, and that his work was done in the workshop where the machinery was used. It appears that the bus which caught fire was in the shop at that time.

In the case of Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. (2d) 1066, it was held that an employer may conduct different departments of business, some of which are within the provisions of the act and some of which are not. The court therein held that although a retail meat market, as such, is not a hazardous employment, yet when a power-driven meat grinder is used therein, it becomes a workshop and is within the provisions of the act. The following statement is found in the body of the opinion:

"The fact that the claimant was not injured while operating the power-driven machinery does not defeat his right of compensation. Oklahoma-Arkansas Tel. Co. v. Fries, 128 Okla. 295, 262 P. 1062. See, also, Okmulgee Democrat Pub. Co. v. State Industrial Commission, 86 Okla. 62, 206 P. 249; Teague v. State Industrial Commission, 112 Okla. 292, 240 P. 1053; Ft. Smith Aircraft Co. v. State Industrial Commission, 151

Okla. 67, 1 P. (2d) 682. We think that the rule stated by this court in Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456, is controlling in this case."

It would serve no useful purpose to reiterate the discussion in the cases above cited. It is apparent that claimant, while performing the regular and ordinary duties of his employment in the workshop, is covered by the provisions of the Workmen's Compensation Act. At the time of the injury he was the only employee on duty. While engaged in the performance of an extrahazardous duty within the workshop, he was injured. It would be an anomaly to say that in the performance of his ordinary duties therein, he would be covered by the act and not covered in the performance of a duty devolving upon him by virtue of his employment which involved an extrahazardous risk to his person. It is clear that the injury arose out of and in the course of employment and occurred at a place where the employee was reasonably required to be in fulfilling the duties of his employment. Ft. Smith Aircraft Co. v. State Industrial Commission, supra.

The award of the Commission is sustained.

RILEY, C. J., and SWINDALL, McNEILL, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS and WELCH, JJ., absent.