## BUTLER et al. v. McKENZIE et al.

No. 25162.   Sept. 11, 1934.

John F. Butler, for petitioners.

Clark & Gilbreath, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

PER CURIAM. This is a proceeding to review award of State Industrial Commission.

Defendant in error, hereinafter referred to as employee, was employed by the Sampson Oil Company, a copartnership, whose risk was carried by Casualty Reciprocal Exchange. The employer operated a wholesale and retail oil and gas business. Employee worked in both departments, and while engaged in greasing an automobile, which was elevated approximately three feet from the ground, received the injury complained of, consisting of a dislocated semilunar cartilage in the right knee. The Commission found employee was engaged in a hazardous occupation at time of injury, to wit, May 25, 1933: that his average weekly wages were $17.50, and by reason of said injury he was temporarily totally disabled from performance of ordinary manual labor, and ordered that he be paid compensation at the rate of $11.67 per week from date of injury, less the five-day waiting period, until further order. This finding is supported by ample competent evidence.

Petitioners argue two assignments of error:

First. Employee did not sustain an accidental personal injury arising out of his employment.

Second. That occupation in which employee was engaged was not hazardous.

We find no merit in the first contention. This court has repeatedly held that fact findings of the Industrial Commission are conclusive, and will not be vacated if supported by any competent evidence. Vaughn & Rush et al. v. Stump, 156 Okla. 125, 9 P. (2d) 764; Indian Territory Illuminating Oil Co. v. Colson et al., 159 Okla. 299, 15 P. (2d) 828.

As to employee being engaged in a hazardous occupation, he testified he generally washed and greased cars, that employer had a "spring spray" used in this operation and an air compressor which was in room adjoining filling station; that it also used a "washing machine" operated by motor, which motor was located on top of the machine. This testimony is not disputed.

This state of facts brings employee within the purview of the Compensation Act, although he was not using the implements operated by power at time of injury, since in the regular routine he operated the washing machine, which was power driven. Sunshine Food Stores et al. v. Moorehead et al., 153 Okla. 301, 5 P. (2d) 1066; Lee Way Stage Lines et al. v. Simmons et al., 166 Okla. 203, 26 P. (2d) 905.

The case should be affirmed.

The Supreme Court acknowledges the aid of Judge Edwards of the Criminal Court of Appeals, who assisted in the preparation of this opinion. Judge Edwards' analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.