**WARNER BROS. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 25159.   Nov. 20, 1934.

John F. Butler, for petitioners.

C. R. Reeves, for respondent W. A. Harmon.

Robt. D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, V. C. J. This is an original proceeding in this court by Warner Brothers, a corporation, and its insurance carrier, American Employers Insurance Company, a corporation, petitioners, to review an order and award of the State Industrial Commission made and entered on the 10th day of October, 1933, in favor of the claimant, W. A. Harmon.

The record discloses that claimant, Harmon, began working for Warners Brothers as an usher on June 15, 1932, in their Folly Theater in Oklahoma City. Three days thereafter claimant fell from a desk while engaged in changing some placards and received the injury for which the claim is made.

At the commencement of the hearing petitioners made objection to the jurisdiction of the Commission, alleging that claimant was not engaged in hazardous employment within the meaning of the Compensation Act. The Commission held the motion in abeyance until proof was heard, and upon the conclusion of the evidence, the Commission overruled said motion when renewed.

October 10, 1933, the Commission entered its order finding that claimant received an accidental injury to his back June 18, 1932, while working for Warner Brothers in a hazardous occupation. It further found that by reason thereof claimant has been temporarily totally disabled from the performance of ordinary manual labor since June 22, 1932; that claimant had been paid four weeks' compensation, or a total of $32, from June 20, 1932, to July 24, 1932, less the five days' waiting period; that compensation from July 24, 1932, to October 6, 1933, or 62 weeks and 3 days, at the rate of $8 per week, was due claimant in the total sum of $500, which petitioners were ordered to pay.

The order and award further ordered that compensation should be continued thereafter at the rate of $8 per week until otherwise ordered by the Commission, and that petitioners pay all reasonable hospital, doctor bills and medical bills incurred by reason of said accidental injury.

Petitioners seek a reversal of the foregoing order on the ground that the order was made without the jurisdiction of the Commission by reason of the fact that claimant was not engaged in a hazardous employment when injured.

This court has held that although the Workmen's Compensation Law is remedial in its effects and operation and should receive a liberal construction in favor of those entitled to its benefits, before one is entitled thereto, he should be held to proof that he is in a class embraced within the provisions of the law, and nothing can be

presumed or inferred in this respect. Southland Refining Co. et al. v. State Industrial Com. et al., 167 Okla. 3, 27 P. (2d) 827.

The record discloses that Harmon's duties- as testified by himself, were to act as usher in the Folly Theater, change the placards or advertisements of coming attractions, and at times carry films or placards from one theater to another. Claimant testified there was no machinery where he worked.

We observe that claimant testified definitely that he never worked around any power-driven machinery while employed at the Folly Theater. He further testified that there was no power-driven machinery in the room in which he fell. Mr. Van Meter, assistant manager of the theater, testified as follows:

"Q. Mr. Harmon at no time came in contact with the ventilation mentioned on the top of the roof? A. No, sir. Q. Nor came in contact with the motion picture machine? A. No, sir."

However, under leading questions by claimant's counsel, claimant finally stated that upon one occasion he carried a comedy film to the projection room, entering the booth far enough to wash his hands in the lavatory there; that he had also carried a hammer up there upon one occasion and returned shortly; likewise some candy and water, stating that when he carried the films there he stayed and talked two, three or four minutes before going back. Claimant testified:

"Q. You went in there and laid the films down or handed a piece of candy or drink of water and turned around, and walked out? A. Yes, sir. Q. When you went up and washed your hands— A. I was not working on it. Q. Never had anything to do with it at all? A. No, sir."

Claimant further testified that the booth in which was located the moving picture machine was remote; that there was not any connection between the booth and the room in which claimant sustained his injury, there being two walls and a hall between them.

The State Industrial Commission is quoted in the transcript of the record as stating that the injury to be compensable must have occurred where there was power-driven machinery in order to come within the statute. No evidence so shows. It should be remembered that claimant's duties were those of an usher in a theater, and the fact that he had access to the projection room does not entitle him to recover, for it was not there that he performed his principal duties, or received his injury, and this is true even though we assume, without deciding, that such a booth was a workshop where power-driven machinery is used.

In the case of City of Edmond et al. v. Kale et al., 169 Okla. 104, 36 P. (2d) 493, this court held:

"The fact that at some time claimant performed services hazardous in their nature does not entitle him to compensation for an injury received while engaged in the performance of duties in connection with a nonhazardous occupation. Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. (2d) 701. It being recognized that the same employer may conduct different departments of business, some of which fall within the act and some of which do not. Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112."

The evidence discloses that claimant not only failed to show that the manual or mechanical work or labor in which he was engaged was of a hazardous nature, which was necessary before the Commission could make an award, but, on the contrary, that claimant's work at the time of his injury was in its nature nonhazardous.

From the evidence adduced it became a question of law as to whether or not the industry or business enterprise in which claimant is employed comes within the meaning of the Workmen's Compensation Act. Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519. And the holding of the Commission on such point of law is subject to review by this court.

Considering all the facts presented in this case, we are of the opinion, as a matter of law, that the facts here presented do not bring the employment in which the claimant was engaged within the meaning of the term "hazardous employment," under the provisions of the Workmen's Compensation Act, and that the State Industrial Commission was without authority to make the award.

The award is vacated and the cause is remanded to the State Industrial Commission, with directions to dismiss the claim.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, WELCH, and BAYLESS, JJ., concur. ANDREWS and BUSBY, JJ., absent.