**STANDARD THEATRES, Inc., et al. v. YOUNG et al.**

No. 26018.  June 11, 1935.

Pierce, Follens & Rucker, for petitioners.

Bob Howe and Owen & Lindsey, for respondent Young.

PHELPS, J.  The claimant, Will Young, was employed by the Liberty Theatre in Oklahoma City as a porter. He performed the usual duties of a porter, cleaning up, running errands and being a general handy man. Sometimes he also went into the moving picture machine booth, where there was an electrically-driven projection machine, and kept watch while the man employed on that job would absent himself temporarily. Although at the hearing claimant at one place stated, "I operate it and watch the machinery," the record is otherwise absolutely devoid of any intimation that claimant purported to assist in the handling of the projector. In the beginning of the hearing, when he was asked, "Did you work in there about this machinery?" he answered, "No more than go in and clean up and relieve him." In this particular connection, whatever inference may be drawn from the foregoing evidence is immaterial when considered with the fact of the particular duties he was performing when injured. The theatre had the customary array of electric lights and signs on the outside. It was part of the plaintiff's duties to inspect the signs and the lights and see that the bulbs were burning. When bulbs were burned out he inserted new ones and sometimes he would tape the wire connections, although he testified that he was not the electrician; that he was not supposed to do any electrical work around the theatre, that if electrical repairs were necessary the manager called an electrician.

In the alley north of the theatre there was a light socket on the side of the building, over a door, so the alley would receive some illumination. The porter customarily screwed a light bulb into this socket at night, and unscrewed it when the lights were turned off. On the occasion of the injury, instead of using a ladder as was his custom, he stood on a bannister of the fire escape. While standing there, and screwing the light bulb into the socket, his foot slipped and he fell to the ground, sustaining the injury for which the Industrial Commission awarded him compensation. He did not receive any electrical shock.

The petitioners urge here, as they did in the Industrial Commission, that, as a matter of law, the theatre was not engaged in operating a business covered within the Workmen's Compensation Act, and that claimant at the time of the injury was not engaged in a hazardous employment within the meaning of the act, and that therefore the Commission was without jurisdiction to award compensation.

The claimant contends that although he was called a porter he was used by his em-

ployer as an assistant operator of the picture machine, which was power driven, and that he was also performing the duties of house electrician, which required the repairing of electric lights. It is difficult to conceive just what connection, if any, existed between those duties and his injury, or the cause of his injury. There is no doubt that the injury was sustained in the course of the employment and arose out of the employment—but that is not the question. The question is whether the claimant was performing such duties, in such an occupation, as would entitle him to compensation under the act. If the claimant was ever engaged in work involving the power-driven picture machine, the task at which he was employed when injured had no connection with it nor relationship to it. He may as well have been a carpenter working back stage where there was no power-driven machinery. That his foot slipped from the bannister is no more attributable to his "electrical" work than if he had slipped on a banana peel in the alley, as he was approaching the place where he was later injured. Of course, when he had climbed onto the bannister he was in a more hazardous undertaking than when standing in the alley, but it is not the hazardous character of the particular undertaking so much as it is the general nature of the duties required of a claimant which determines whether he is engaged in a hazardous employment within the meaning of the Workmen's Compensation Act. One who is engaged in an employment classified as nonhazardous often is temporarily engaged in an undertaking which is hazardous in fact, but which would not be hazardous employment within the meaning of the Workmen's Compensation Act.

In the case of Warner Bros. v. State Industrial Commission, 169 Okla. 479, 38 P. (2d) 5, the claimant was employed by the Folly Theatre in Oklahoma City as an usher. While standing on a desk engaged in changing some placards, he fell and was injured. This court vacated an award in his favor. We are unable to make any distinction between that case and the present case which would be sufficient to authorize a difference in results. Although in that case the claimant never worked in the projecting room and in the present case claimant did state that at times he worked in the room, it is obvious that that was only an occasional duty, and that he was injured on the outside of the building while engaged in a totally different task. It is difficult to comprehend what difference his occasional presence in the projecting room would make. We quote from that case:

"The record discloses that Harmon's duties, as testified by himself, were to act as usher in the Folly Theater, change the placards or advertisements of coming attractions, and at times carry films or placards from one theater to another. Claimant testified there was no machinery where he worked. We observe that claimant testified definitely that he never worked around any power-driven machinery while employed at the Folly Theater. He further testified that there was no power-driven machinery in the room in which he fell. Mr. Van Meter, assistant manager of the theater, testified as follows: 'Q. Mr. Harmon at no time came in contact with the ventilation mentioned on the top of the roof?' A. No, sir. Q. Nor came in contact with the motion picture machine? A. No, sir.' However, under leading questions by claimant's counsel, claimant finally stated that upon one occasion he carried a comedy film to the projection room, entering the booth far enough to wash his hands in the lavatory there; that he had also carried a hammer up there upon one occasion and returned shortly, likewise some candy and water, stating that when he carried the films there he stayed and talked two, three, or four minutes before going back. Claimant testified: 'Q. You went in there and laid the films down or handed a piece of candy or drink of water and turned around and walked out? A. Yes, sir. Q. When you went up and washed your hands— A. I was not working on it. Q. Never had anything to do with it at all? A. No, sir.' Claimant further testified that the booth in which was located the moving picture machine was remote; that there was not any connection between the booth and the room in which claimant sustained his injury, there being two walls and a hall between them. The State Industrial Commission is quoted in the transcript of the record as stating that the injury to be compensable must have occurred where there was power-driven machinery in order to come within the statute. No evidence so shows. It should be remembered that claimant's duties were those of an usher in a theater, and the fact that he had access to the projection room does not entitle him to recover, for it was not there that he performed his principal duties or received his injury, and this is true even though we assume (without deciding) that such a booth was a workshop where power-driven machinery is used. In the case of City of Edmond et al. v. Kale et al., 169 Okla. 164, 36 P. (2d) 493, 494, this court held: 'The fact that at some time claimant performed services hazardous in their nature does not entitle him to compensation for an injury received while engaged in the performance of duties in con-

562

nection with a nonhazardous occupation. Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. (2d) 701. It being recognized that the same employer may conduct different departments of business, some of which fall within the act and some of which do not. Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112.' The evidence discloses that claimant not only failed to show that the manual or mechanical work or labor in which he was engaged was of a hazardous nature, which was necessary before the commission could make an award, but, on the contrary, that claimant's work at the time of his injury was in its nature nonhazardous. From the evidence adduced it became a question of law as to whether or not the industry or business enterprise in which claimant is employed comes within the meaning of the Workmen's Compensation Act (St. 1931, sec. 13348 et seq.), Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519, and the holding of the Commission on such point of law is subject to review by this court. Considering all the **facts presented in** this case, we are of the opinion, as a matter of law, that the facts here presented do not bring the employment in which the claimant was engaged within the meaning of the term 'hazardous employment', under the provisions of the Workmen's Compensation Act, and that the State Industrial Commission was without authority to make the award."

In Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. (2d) 701, wherein claimant had been injured while driving a truck, this court vacated the award and said:

"It is also urged that the employment of the claimant came within the provisions of the Workmen's Compensation Act because the claimant, during a portion of his time, worked in a repair shop in which the trucks belonging to the employer were repaired. * * * Assuming, however, that it was a 'workshop' where power-driven machinery was used * * * and that the claimant spent a great deal of his time working therein, the controlling fact remains that he also regularly spent a portion of his time as a truck driver, * * * and that at the time he was injured he was so occupied. The duties then being performed by him were in no manner connected with or incident to the operation of the workshop. The claimant was, therefore, not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law at the time he received his injury."

By the principle announced in Jones & Spicer v. McDonnell it is apparent that even if the claimant in the instant case occasionally operated the power-driven projecting machine, that fact would be insufficient to take this case from the operation of Warner Bros. v. State Industrial Commission, supra. There being no theory upon which the award may be affirmed, it is our duty to vacate it. It is so ordered, and the cause is remanded to the State Industrial Commission for such further proceedings as are not inconsistent with the views herein expressed.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.