**ROSE HILL BURIAL PARK et al. v. GARRISON et al.**

No. 26666.　March 24, 1936.

Butler & Brown, for petitioners.

Hughey Baker and the Attorney General, for respondents.

PER CURIAM.　Jack Garrison, employed by the Rose Hill Burial Park of Tulsa, Okla., was granted an award by the State Industrial Commission for an injury sustained on the 12th day of April, 1935. He was pulling up a stake which fastened down a tent that had been placed over a grave in the yard of said association, and suffered a back injury for which the award was granted. His testimony reveals that he had driven a motor truck up to the place, and was at the time tearing down the tent and loading it into the truck. He further testifies that there was a concrete mixer on the premises; that he sometimes worked around this mixer. He further testified that there were several motor-driven lawn mowers on the premises and that he operates these lawn mowers at times. He further testified that there was a water pump on the premises. Upon this testimony and the further testimony of medical and expert witnesses an award was granted, and this proceeding was instituted to vacate the same. We have held that in order for an employee to be entitled to an award under the provisions of the Compensation Act the employer must be engaged in a hazardous business within the terms of sections 13349 and 13350, O. S. 1931; that section 13349, supra, enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law; that section 13350, supra, defines "hazardous employment."　Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. (2d) 827.　In that case we said:

"Whether the industry or business enterprise comes within the meaning of the Workmen's Compensation Act is a question of law. Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519; Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491."

In Mobley v. Brown, 151 Okla. 167, 2 P. (2d) 1034, this court was considering the case of a delivery boy for a drug store, and in the second syllabus of that opinion we said:

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to proof that he is in a class embraced within the provision of the law, and nothing can be presumed or inferred in this respect."

Further in that opinion this court said:

"The Legislature having failed to include the employment in a drug store, or the employment of one as a deliveryman, within the classes of employment to which the Workmen's Compensation Act applies, it follows that Herman Brown's cause was not governed by the Workmen's Compensation Act, and the commission was in error in failing to sustain the motion to dismiss for want of jurisdiction."

Inasmuch as the claimant herein raises the proposition that the jurisdiction of the commission was not attacked, we find that at the time of the hearing the record shows that the employer appeared and objected to the jurisdiction on the ground that the employment was not within the terms of the Compensation Act. In Ponca City v. Grimes, 144 Okla. 31, 288 P. 951, it was held that a teamster, who was hauling fertilizer for the upkeep of a public park, was not within the terms of the Compensation Law. Numerous cases could be added to this list to no particular advantage.

Claimant herein relies upon Oklahoma City v. State Ind. Com., 147 Okla. 261, 298 P. 577. Vice Chief Justice Clark, the writer of that opinion, places the same under the provisions of the statute set out above, described then as section 7283, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, under "construction and engineering works," a specific term within the provisions of said statute. Maryland Casualty Co. v. State Industrial Commission, 141 Okla. 202, 284 P. 644; Ingram Drug Co. v. O'Brien, 164 Okla. 228, 23 P. (2d) 642, and Republic Supply Co. v. Davis, 159 Okla. 21, 14 P. (2d) 222, are all awards granted workmen under wholesale mercantile establishment, one of the classes specifically mentioned by the terms of the statute.

There remains the single case of Svoboda v. Brooking, 132 Okla. 290, 270 P. 575, in which this court affirmed an award granted to an employee operating a blacksmith shop, and in connection therewith engaged in business of buying and selling coal, sand, cement, and crushed rock and other building material and operating a concrete mixing machine.

This case was commented upon in Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. (2d) 869, and in that opinion this court said:

"In the case of Svoboda v. Brooking, supra, employer was operating a blacksmith shop, and in connection therewith was engaged in the business of buying and selling coal, sand, cement, and crushed rock and other building material, and was operating a concrete mixing machine. Claimant was injured while using the concrete mixing machine. It is clear that the employment in which claimant was engaged at the time of his injury was hazardous and was being operated by employer for pecuniary gain."

We are therefore of the opinion and hold that the business of the employer in this instance was not covered by provision of the terms of the statute relating to the classes of liability designated in the act providing for compensation to employee; and the fact that incidental to the operation of the burial association it used about its premises a concrete mixer, a motor truck, power-driven lawn mower, and a water pump would not operate to place it within any of the classes designated by the above statute, under the facts as presented by claimant.

The award is therefore vacated and the cause remanded to the State Industrial Commission, with directions to dismiss the claim.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.