### SIMS v. ST. ANTHONY HOSPITAL et al.

No. 27689.    June 29, 1937.

Tom G. Drake and Major J. Parmenter, for petitioner.

S. S. Wachter and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioner and respondents.

Petitioner was injured while lifting a garbage can onto a dray or truck after cleaning out an electric dish washing machine at a hospital. One of his duties was to feed the dish washing machine, and after completing the operation empty the garbage into the cans, and it was while in the ordinary disposal of the garbage in and about the kitchen of a hospital that he claims that he sustained the injury.

The jurisdiction of the commission was denied by the respondent on the ground that it was not engaged in hazardous employment within the terms of the compensation law. The commission, after a hearing, found that the petitioner did not sustain an accidental injury while engaged in hazardous employment within the terms of the Workmen's Compensation Law. The order must be affirmed. Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. (2d) 379; Stayman v. McKellop, 165 Okla. 183, 25 P. (2d) 701; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141; Rose Hill Burial Park v. Garrison, 176 Okla. 355, 55 P. (2d) 1045. In Hardy Sanitarium v. DeHart, supra, we said that if the employment is not listed as hazardous under the provisions of section 13349, O. S. 1931,

it is then incumbent upon the employee to show from the facts and circumstances that the employment in which he was engaged at the time of injury comes within the meaning and terms of the Workmen's Compensation Law. In Stayman v. McKellop and Rorabaugh-Brown Dry Goods Co. v. Mathews, supra, we said that where the commission has determined from the evidence the fact that the claimant is engaged in a given employment, determined his duties under such employment, determined that he has sustained injuries while in the discharge of his duties, and the extent of such injuries, together with all facts pertaining thereto, it then becomes a question of law whether such facts come within the meaning of the term "hazardous employment." In Rose Hill Burial Park v. Garrison, supra, we held that the fact that there was machinery about a grave in a cemetery where the claimant was injured did not constitute it a workshop where machinery is used. We are of the opinion, and hold, that the fact that there was an electric dish washing machine in the kitchen of the hospital did not constitute it, under the law, a workshop where machinery was used. Petitioner relies upon Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. (2d) 1066. This case, together with other cases, such as Harbour-Longmire-Pace v. State Industrial Com., 147 Okla. 207, 296 P. 456, affirmed an award on the basis that there was competent evidence to support a finding of the State Industrial Commission that the place in which the claimant was injured was a workshop where machinery is used. Lee Way Stage Lines Coach Co. v. Simmons, 166 Okla. 203, 26 P. (2d) 905, is clearly distinguishable, and there is no doubt that the court was warranted in approving the findings that the premises in that case were within the terms of the Workmen's Compensation Law. These cases all involve the definition of a workshop where machinery is used, in the operation of which the proprietor was engaged in a trade or business for gain, and it was the holding of this court that there was competent evidence to sustain the award of the State Industrial Commission. In the case at bar there is no such finding.

We conclude that the commission did not err as a matter of law, and the order denying the award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.