### PLAZA GRILL et al. v. WEBSTER et al.

No. 28126.   April 26, 1938.

S. S. Wachter and George E. Lipe, for petitioners.

Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Plaza Grill and its insurance carrier to obtain a review of an award made by the State Industrial Commission in favor of the respondent H. E. Webster. The sole question presented for determination is whether the State Industrial Commission had jurisdiction to make the award.

In the case of City of Duncan v. Ray, 164 Okla. 205, 23 P.2d 694, this court said:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment,' as defined in section 13350, O. S. 1931."

The rule thus announced has been subsequently adhered to in numerous cases: Southland Ref. Co. v. State Industrial Commission, 167 Okla. 3, 27 P.2d 827; Kelly v. State Industrial Commission, 172 Okla. 432, 45 P.2d 725; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P.2d 294; Hardy Sanitarium v. De Hart, 164 Okla. 29, 22 P.2d 379.

In the case at bar the employer was engaged in the restaurant business. The respondent was employed as a cook or chef in the kitchen, which was operated as a part of the restaurant business, and as a result of lifting a heavy pot from the sink to the stove sustained a left inguinal hernia. The kitchen was equipped with two electrical refrigerators, a carbonator, a mixing machine used for preparing mayonnaise and salad dressing and which had an attachment to be used in grinding meat, and a slicing machine which was used for slicing bread, cold meat and vegetables. All of the aforesaid equipment was operated by small electric motors. The evidence definitely establishes the fact that the employer was not engaged in any business, trade, or occupation enumerated and designated in section 13349, O. S. 1931; and it will be observed that the facts do not show that the equipment in the kitchen brought the employment within the term "hazardous," as defined by section 13350, O. S. 1931. The

presence of ordinary kitchen appliances, even though operated by electric power, does not transform a kitchen into a workshop where machinery is used or factory, under the Workmen's Compensation Law. Sims v. St. Anthony Hospital, 180 Okla. 385, 69 P.2d 1040. We do not mean to imply that a kitchen cannot be so equipped and operated under conditions which would constitute the same a factory or workshop where machinery is used and bring it within the definition of the statute, but merely hold that the presence of ordinary kitchen equipment, such as is used in the average retail food establishment, does not do so. In view of the conclusions thus reached, we do not deem it necessary to pursue the discussion further. The claim should have been dismissed by the State Industrial Commission for lack of jurisdiction to make an award.

Award vacated, with directions to dismiss the claim.

BAYLESS, V. C. J., and RILEY, CORN, GIBSON, and DAVISON, JJ., concur. PHELPS and HURST, JJ., dissent. OSBORN, C. J., and WELCH, J., absent.