**BERRY v. JOHNSON et al.**

No. 28425. Dec. 6, 1938.

Rehearing Denied Jan. 31, 1939.

Application for Leave to File Second Petition for Rehearing Denied March 14, 1939.

Mathers & Mathers, for petitioner.

Johnson, McGill & Johnson and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as petitioner and respondent. Respondent is the manager and operator of a moving picture show in Ardmore, Okla. At the time of the accident he was running the machine that showed the picture. This constituted part of his duties and employment. A fire broke out during the showing of the reels and respondent was injured. Petitioner seeks to vacate the award for permanent partial disability.

We shall notice but one contention of the petitioner, which is that the commission erred in finding that the employment of the respondent was hazardous. We do not find that the identical question has been passed upon by this court. In Warner Bros. v. State Industrial Commission, 169 Okla. 479, 38 P.2d 5; Standard Theatres Inc. v. Young, 172 Okla. 560, 46 P.2d 457, the court denied awards because in the first case the claimant was an usher and in the other the claimant was a porter. The assumption was made that an operator in the booth, or projection room, other requirements being met, might come within the provisions of the Workmen's Compensation Law. Illinois has directly passed upon the question of theatres under the statute which designates certain appliances covered by the ordinances of the city. Ascher Bros. Amusement Co. v. State Industrial Commission, 311 Ill. 258, 142 N. E. 488. New York has likewise passed upon the question of moving picture machines under their statute which classified such machines as appliances. Balcom v. Ellintuch (1917) 179 App. Div. 548, 166 N. Y. S. 841. The statutes of those two states are readily distinguishable from the statute in our state. Sections 13349, 13350, O. S. 1931 (85 Okla. St. Ann. secs. 2 and 3), do not designate moving picture theatres or theatres as one of the employments described as hazardous. If the same is to be held covered by the Workmen's Compensation Law, the authority therefor must be found in section 13350, supra, subdivision 11, which defines "workshop" as follows:

"'Workshop' means any premises, yard, plant, room or place wherein power-driven machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise or incidental to the process of making, altering, repairing, prining, or ornamenting, cleaning, finishing or adopting for sale or otherwise, any article, or part of article, machine or thing over which premises, room or place the employer of the person working therein has the right of access or control."

What constitutes hazardous employment is a matter of legislative policy. Rumley v. Middle Rio Grande Conservancy Dist. (N. M.) 57 P.2d 283. Our Legislature has not seen fit to include theatres. Under the uncontradicted evidence in this case there were two machines used for the showing of films. These two machines were driven or propelled at the volition of the operator by a motor driven by electricity. It may be seen that the chief hazard in such a case is not the electric motor which propels the same, but rather the fact that fire may break out in the films. In the case at bar there were some 15 or 20 films in the booth or projection room. If the Legislature had intended to cover theatres on the ground that they constitute an extra fire hazard, it will readily be seen that all theatres having a booth or projection room would be covered. We are of the opinion, and hold, that when the Legislature failed to include employment in theatres of the character run by the petitioner within the classification of hazardous employment, it did not authorize this court to declare a projection room a workshop within the meaning of section 13350, supra, merely because it had an electric motor for the purpose of winding the films. In this connection, see Rose Hill Burial Park et al. v. Garrison, 176 Okla. 355, 55 P.2d 1045; Sims v. St. Anthony Hospital, 180 Okla. 385, 69 P.2d 1040.

The employment in which the respondent was engaged at the time of the accident not having been covered by the Workmen's Compensation Law, we are of the opinion, and hold, that the award must be, and the same is hereby, vacated.

Award vacated.

BAYLESS, V. C. J., and WELCH, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. OSBORN, C. J., and RILEY and HURST, JJ., dissent.

RILEY, J. (dissenting). "The Workmen's Compensation Law is remedial legislation, and is for the benefit of the workmen and the state, and should at all times be broadly and liberally construed so as to effectuate its purpose." McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 P. 630.

The above is not an isolated expression

of this court, but numerous similar holdings, varying perhaps in context but not in substance, have been announced prior and subsequent to the above case.

The majority opinion deviates from this traditional liberalism heretofore indulged when construing this social, legislative enactment. To this supplanted strict construction, I dissent.

Section 13349, O. S. 1931, 85 Okla. St. Ann. sec. 32, provides:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employment; * * * and work shops where machinery is used. * * *"

Section 13350, O. S. 1931, 85 Okla. St. Ann. sec. 33, sec. 3, defines "workshop" as follows:

" 'Workshop' means any premises, yard, plant, room, or place wherein power-driven machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise."

In Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P.2d 1066, paragraph 2 of the syllabus reads:

"Retail meat market, if power-driven meat grinder is used therein, becomes 'workshop' and therefore a hazardous employment within Workmen's Compensation Act."

In the body of the opinion in said case it was said:

"We agree with the petitioner that 'a retail meat market, as such, is not included as one of the hazardous employments' within the provisions of section 7283, C. O. S. 1921, as amended by Laws of 1923, c. 61, section 1; but when power-driven meat grinder is used therein it becomes a workshop as defined by section 7284, C. O. S. 1921, as amended by Laws of 1923, c. 61, section 2, and is within the provisions of the act."

We have held that a workman injured while capping soft drink bottles by means of machinery operated by a foot pedal, where power-driven machine is used, is engaged in a hazardous employment using power-driven machinery. Teague v. State Indus. Comm., 112 Okla. 292, 240 P. 1053. For similar holdings see Lee Way Stage Lines v. Simmons, 166 Okla. 203, 26 P.2d 905; Protho v. Nette, 173 Okla. 114, 46 P.2d 942; Butler v. McKenzie, 169 Okla. 30, 35 P.2d 888.

The two projection machines operated by claimant admittedly were power-driven. Operation of such machine is obviously hazardous. The evidence clearly shows the projection booth constituted a workshop wherein power-driven machinery is used. The fact claimant was injured by a fire in the workshop, separate from the power-driven machinery, does not remove him from the act.

In Lee Way Stage Lines v. Simmons, supra, we held that an employee in a workshop where power-driven machinery is used is within the Workmen's Compensation Act though injury does not arise out of the machine.

The award should be affirmed.

OSBORN and HURST, JJ., concur.