239 P.2d 737

**McBEE v. HALE et al.**

No. 5431.

Supreme Court of New Mexico.

Jan. 10, 1952.

Caswell F. Neal, Caswell S. Neal and Foster Windham, all of Carlsbad, Milford D. Estill, Artesia, for appellant.

Reese, McCormick & Lusk and Eugene C. Paine, all of Carlsbad, Archer & Dillard, Artesia, for appellees.

FEDERICI, District Judge.

The sole issue before this court is whether the injury sustained by plaintiff-appellant is compensable under the terms and meaning of the New Mexico Workmen's Compensation Act. 1941 Comp. § 57–901 et seq.

Defendants-appellees are engaged in the business of operating a retail store for the sale of groceries, produce, and meats, all under one roof and apparently in one large room. Plaintiff-appellant was employed in the meat department of said establishment as a butcher, cutting and selling meat, and helped to do the buying for the store. In

connection with the meat department there were used an electric slicing machine, an electric meat grinder, and an electric tenderizer; and in connection with the whole of the establishment there were used electric walk-in boxes, electric scales, electric cash registers, electric motors that pulled produce and meat boxes, and electric fans.

Plaintiff-appellant, while so employed, picked up one fore-quarter of beef that had fallen to the store floor, and in so doing sustained an injury to his right hip. Later while lifting the hind-quarter of a beef, trying to hang it on a hook at the top of the meat vault in the said store, the meat slipped off the hook and he went down with it and sustained another injury to his back.

Sec. 57–910, N.M. Statutes 1941 Annotated, provides as follows: "The extra-hazardous occupations and pursuits to which this act [§§ 57–901—57–931] are [is] applicable are as follows: Factories, mills and *workshops where machinery is used;* foundries, blast furnaces, mines, oil wells, gas works, natural gas plants, water-works, reduction works, breweries, elevators, dredges, smelters, power works, laundries operated by power, quarries, engineering works, logging, road building and construction, lumbering and saw mill operations, street railways, buildings being constructed, repaired, moved, or demolished; telephone, telegraph, electric light or power plants or lines, steam heating or power plants; bridge building, railroad construction work, but shall not include railroad construction work, of any character when done by the owner or operator of any railroad; and all employment wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on; and each of *which employments above named,* including all employees of telephone and telegraph companies, is hereby determined to be extra-hazardous, *in which,* from the nature, conditions or means of prosecution of the work therein required risks to the life and limb of the workman engaged therein are inherent, necessary or substantially unavoidable. All duly elected or appointed peace officers of the state, counties or municipalities, and the warden and all guards employed at the state penitentiary shall be deemed to be following extra-hazardous occupations and to be within the provisions of this act [§§ 57–901–57–931]. This act [§§ 57–901–57–931] shall not apply in any case where the injury occurred before this act [§§ 57–901–57–931] takes effect, and all rights which have accrued by reason of any such injury prior to the taking effect of this act [§§ 57–901–57–931] shall be saved the remedies now existing therefor." (Emphasis ours.)

Subparagraph (b) of Sec. 57–912, N.M. Statutes 1941 Annotated, defines the word "workshop" as used in the Act as follows:

" 'Workshop' means any yard, plant, premises, room or place where power driven machinery is employed and manual labor is exercised *incidental to the process of making, altering, repairing, printing, or ornamenting, finishing or adapting for sale or otherwise any article or part of article,* over which premises, room or place the employer of the person working therein has the right of access or control." (Emphasis ours.)

In the inception it will be noted that Sec. 57–910, supra, enumerating the extra-hazardous occupations covered by the Act does not list grocery stores, butcher shops, or meat markets as being covered by the mandatory provisions of the Act. Consequently the legal issue resolves itself as to whether or not the establishment here involved is a workshop where machinery is used within the meaning of the above-quoted sections of statutory law. Actually the issue is limited to the question of whether this establishment is a "workshop" within the above-quoted statutory definition of that term.

Plaintiff-appellant cites the following cases in support of his contention: In re Sikora, 57 Wyo. 57, 112 P.2d 557; Eckhardt v. Jones' Market, 105 Or. 204, 209 P. 470; Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903; Points v. Wills, 44 N.M. 31, 97 P.2d 374; Mathews v. New Mexico Light

& Power Co., 46 N.M. 118, 122 P.2d 410; Barton v. Skelly Oil Co., 47 N.M. 127, 138 P.2d 263; McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867, and Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365. Defendants-appellees cite the following cases in support of their position: Koger v. A. T. Woods, Inc., 38 N.M. 241, 31 P.2d 255; Rumley v. Middle Rio Grande Conservancy Dist., 40 N.M. 183, 57 P.2d 283; Martin v. White Pine Lumber Co., 34 N.M. 483, 284 P. 115; Aranbula v. Banner Mining Co., 49 N.M. 253, 161 P.2d 867; Southwestern Grocery Co. v. State Industrial Commission, 85 Okl. 248, 205 P. 929; Plaza Grill et al. v. Webster et al., 182 Okl. 533, 78 P.2d 818; Stayman et al. v. McKellop, 165 Okl. 183, 25 P.2d 701; Berry v. Johnson, 184 Okl. 471, 87 P.2d 1082; and Hurley v. O'Brien et al., 192 Okl. 490, 137 P.2d 592. Authorities from other jurisdictions are not very helpful because in each case the question resolves itself into a construction of the language and wording of the particular statute involved in each jurisdiction. In this jurisdiction it is a question of first impression in this Court.

We may have here an establishment where "machinery" is used within the meaning of the language found in Sec. 57–910, supra, and we may also have "premises, room or place where power driven machinery is employed" as well as the exercise of manual labor within the statutory

definition of "workshop" found in subparagraph (b) of Sec. 57–912, supra. However, there is lacking here the employment of power driven machinery and the exercise of manual labor which is *"incidental* to the process of making, altering, repairing, printing, or ornamenting, finishing or adapting for sale or otherwise any article or part of article" within the meaning of the statutory definition of "workshop" found in said subparagraph (b) of said Sec. 57–912. The cutting and selling of meat does not come within the purview of what must be found to be "incidental" within the statutory definition of "workshop." For somewhat analogous cases see also People v. Cross & Brown Co., 232 App.Div. 587, 251 N.Y.S. 138; Foret v. Paul Zibilich Co., 18 La.App. 363, 137 So. 366; and Suabedissen-Wittner Dairy v. Department of Treasury of Indiana, 105 Ind.App. 626, 16 N.E.2d 964.

We are not unmindful of the general rule of statutory construction that Workmen's Compensation Acts are in derogation of the common law and should be given liberal construction in favor of the class for whom such Acts were apparently enacted to protect; yet the courts are without authority to extend the operation of such Acts to classes or persons beyond those which the legislature expressly or by implication intended to protect; and this rule does not warrant an unreasonable or a

strained construction in order to embrace occupations or pursuits not classified, expressly or impliedly, by the legislature as extra-hazardous. Any demand to extend the benefits of the Act to employees of establishments such as the one involved in the case at bar must be directed to the Legislature. See Hernandez v. Border Truck Line, 49 N.M. 396, 165 P.2d 120.

Accordingly the judgment must be affirmed, and

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.