Billy Ray CROSS, a minor, by his father and next friend, M. F. Cross, Petitioner,

v.

W. C. BROWN, dba Brown's Sinclair Station, Sinclair Refining Company and the State Industrial Court, Respondents.

No. 39270.

Supreme Court of Oklahoma.

June 20, 1961.

Rehearing Denied Aug. 1, 1961.

Fischl & Culp, Ardmore, for petitioner.

C. W. Clift, Oklahoma City, for respondent W. C. Brown, dba Brown's Sinclair Station.

Sloan Blair, Ft. Worth, Tex., and Thomas E. Douglass, Tulsa, for respondent Sinclair Refining Co.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Court.

BERRY, Justice.

Billy Ray Cross, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed in a service station owned by W. C. Brown he sustained an accidental injury arising out of and in the course of his employment on January 31, 1960. The lessor of the employer, Sinclair Refining Company, was joined as respondent in the State Industrial Court. At the conclusion of hearings an award was denied. This proceeding is brought by claimant against the employer, W. C. Brown, and Sinclair Refining Company to review the order denying the award.

The evidence discloses that claimant, seventeen years of age was employed as a service station attendant at the place of business of employer, 817 N. Broadway, Ardmore, Oklahoma. He received serious

burns when he attempted to use a cigarette lighter while repairing a leak in a gasoline tank of an automobile he was washing. The service station consisted of a main office or service room, a store room and supply room and a room where cars were washed and greased. Minor repairs were made either where the cars were parked for service for oil and gas or in one of the rooms for washing and greasing. The equipment used consisted of pumps for gasoline in the front driveway, necessary tools and equipment for minor repairs, an appliance for breaking rims from tires, air compressors for greasing cars and for lifting cars for washing or greasing. There was a welding torch used to melt lead off battery cables. There was also evidence of use of an electric buffer to buff inner tubes but the employer denied use or ownership of such electric buffer. The employer sold at retail oil and gas products of Sinclair Refining Company and other incidental supplies. He did no wholesale business.

■ It is first argued that the State Industrial Court erred in finding claimant was not an employee in a hazardous employment. Claimant argues he was an employee of a workshop as the term workshop is defined in 85 O.S.1951 § 3, par. (11), as follows:

"'Workshop' means any premises, yard, plant, room or place wherein machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise, or incidental to the process of making, altering, repairing, printing, or ornamenting, cleaning, finishing, or adopting for sale or otherwise, any article, or part of article, machine or thing over which premises, room or place the employer of the person working therein has the rights of access or control."

In Mobley v. Brown et al., 151 Okl. 167, 2 P.2d 1034, 83 A.L.R. 1014, in vacating an award made to a delivery boy injured while employed by a retail drugstore, this Court stated:

"Our Workmen's Compensation Law is remedial in its objects and operation and should receive a liberal construction in favor of those entitled to its benefits, but before one is entitled thereto he should be held to proof that he is in a class embraced within the provision of the law, and nothing can be presumed or inferred in this respect."

In Rider v. Bob Hiner Service Station et al., Okl., 321 P.2d 378, this Court, in sustaining an order denying an award, stated:

"The operation of a retail oil and gas filling station is not one of the plants, industries or occupations defined by the Workmen's Compensation Law as hazardous and an employee of a filling station who sustains an injury while engaged in servicing a car is not engaged in a hazardous employment within the meaning of the Workmen's Compensation Law and cannot recover compensation for disability sustained as the result of such injury."

And in Skelly Oil Company v. Waters et al., Okl., 348 P.2d 320, 322, in vacating an award, the Court said:

"In a retail filling station where no repair services are offered or made, use of a hydraulic hoist in greasing or lubricating automobiles is merely incidental to the services rendered, and the presence and use of such hoist alone does not necessarily constitute the filling station a workshop wherein machinery is employed."

We are of the opinion the rule announced in these cases controls here. The equipment used by the employer in the case we are now considering furnishes no basis for a legal conclusion different to that arrived at in the former opinions above mentioned. Claimant relies on Butler et al. v. McKenzie et al., 169 Okl. 30, 35 P.2d 888. This case cited with approval Sunshine Food Stores

et al. v. Moorehead et al., 153 Okl. 301, 5 P.2d 1066, wherein an employee of a meat market which used an electrical meat grinder was held to be in hazardous employment. This case was specifically overruled in Hurley v. O'Brien et al., 192 Okl. 490, 137 P.2d 592, in a similar fact situation. Butler v. McKenzie, supra, and Bishop et al. v. Wilson et al., 147 Okl. 224, 296 P. 438, have both been superseded by Skelly Oil Company v. Waters, supra, in so far as they are authority for the rule that an employee of a retail service station is engaged in hazardous employment.

Claimant also cites Dalton Barnard Hardware Co. et al. v. Gates et al., 203 Okl. 268, 220 P.2d 249. This case was based on Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okl. 207, 296 P. 456. In both of said cases the employer was manufacturing goods for sale. They are readily distinguishable from this case as is the case of McClung v. Colclasure, 197 Okl. 445, 172 P.2d 623, also cited by claimant, where an employee of a cleaning establishment was held to be engaged in hazardous employment.

Claimant also asserts his employment comes within 85 O.S.1959 Supp., § 2, which authorizes an award in employments repairing or servicing appliances which utilize electricity, natural gas, liquefied petroleum gas or gasoline. We cannot agree that claimant's employment comes within its provision.

The State Industrial Court did not err in finding claimant was not an employee in one of the lines or industries covered by the Workmen's Compensation Act, 85 O.S. 1951, §§ 2 or 3 or any amendment thereof.

The disposition of this case on the first proposition renders unnecessary the consideration of the remaining propositions.

Order denying award sustained.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JOHNSON, JACKSON, and IRWIN, JJ., concur.

BACKBIRD, V. C. J., dissents.