## SUNSHINE FOOD STORES et al. v. MOOREHEAD et al.

No. 22562. Opinion Filed Dec. 8, 1931.

Hal Crouch and Phillip N. Landa, for petitioners.

Cooke & Jackson, G. G. McBride, A. L. Jeffrey, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of the claimant, respondent herein, against the petitioner herein.

The petitioner contends:

"The employer, Sunshine Food Stores, was not engaged in a hazardous occupation covered by the Workmen's Compensation Act and the Commission was, therefore, without jurisdiction to enter its order and award."

In support thereof the petitioner calls attention to the fact that it was engaged in the operation of a retail grocery store with a retail meat market conducted in connection therewith. In the retail meat market a hand-driven meat slicing machine and a power-driven meat grinder were used.

We agree with the petitioner that "a retail meat market, as such, is not included as one of the hazardous employments" within the provisions of section 7283, C. O. S. 1921, as amended by Laws 1923, ch. 61, sec. 1, but, when a power-driven meat grinder is used therein, it becomes a workshop as defined by section 7284, C. O. S. 1921, as amended by Laws 1923, ch. 61, sec. 2, and it is within the provisions of the act.

The record in this case shows that, as a part of the meat market business of the petitioner, meat was ground in the meat grinder with a power-driven meat grinder. The meat market, therefore, was a workshop wherein power-driven machinery was employed and manual and mechanical labor exercised by way of trade and it was within the provisions of the act.

The fact that the claimant was not injured while operating the power-driven machinery does not defeat his right of compensation. Oklahoma-Arkansas Tel. Co. v. Fries, 128 Okla. 295, 262 P. 1062. See, also, Okmulgee Democrat Pub. Co. v. State Industrial Commission, 86 Okla. 62, 206. P. 249; Teague v. State Industrial Commission, 112 Okla. 292, 240 P. 1053; Ft. Smith Aircraft Co. v. State Industrial Commission, 151 Okla. 67, 1 Pac. (2d) 682. We think that the rule stated by this court in Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456, is controlling in this case.

The petitioner relies on the rule stated in Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929, and there is some language in the body of that opinion to support its contention. The third paragraph of the syllabus of that opinion is as follows:

"The Workmen's Compensation Act recognizes the fact that the same employer may

conduct different departments of business, some of which fall within the act, and some of which do not."

That rule has been consistently followed by this court. In that case the claimant was held to be an employee in a department of the business that was not within the act. In the case at bar the claimant was an employee in a department of the business that is within the provisions of the act. To the same effect is Maryland Casualty Co. v. State Industrial Commission, 141 Okla. 202, 284 P. 644, wherein it was held:

"Whether or not a person is employed in a hazardous occupation under the Workmen's Compensation Act is a question of fact, and where there is any evidence reasonably tending to support a finding by the Industrial Commission, the same is conclusive on this court and will not be set aside on appeal."

The petitioner contends that the award of the State Industrial Commission is excessive in that the claimant was awarded compensation for eight weeks for hernia, the expense of an operation and compensation for temporary total disability, and that the petitioner was not credited with the sum of $243 paid by it to the claimant. The claimant admits that the insurance carrier paid the doctor bills and the sum of $243 compensation and that the petitioner was not given credit therefor by the State Industrial Commission in its award. The claimant in his brief says:

"It therefore appears that the award should be modified so as to allow credit for this amount. This can be done by merely deducting the sum of $243 from $468, which was due at the time of the hearing, which would leave the sum of $225 for temporary total disability at the date of the. hearing, and $144 for the hernia."

The State Industrial Commission having made an award in favor of the claimant, and there being competent evidence reasonably tending to support the same, the same will not be disturbed by this court except as to the amount thereof. The State Industrial Commission is directed to vacate its award and to make a new award in conformity with the confession of error as hereinabove quoted.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (4) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.