## RORABAUGH-BROWN DRY GOODS CO. et al. v. MATHEWS et al.

No. 23595. Opinion Filed Jan. 24, 1933.

Rehearing Denied March 28, 1933.

Thurman, Bowman & Thurman and E. C. Chastain, for petitioners.

Morrison & Shipp, for respondents.

SWINDALL, J. On November 27, 1924, C. J. Mathews was an employee of the Rorabaugh-Brown Dry Goods Company, a corporation, carrying on and conducting a retail department store in Oklahoma City, Okla. On that date he received an accidental injury which occurred when he stepped on the platform of a hand lift elevator trying to get a box loose that was caught on the side, cable slipped off, and he fell in the pit about twelve feet deep. The accidental injury was reported by the employer to the State Industrial Commission on form 2 furnished by the Commission. The Commission was also notified on form 6 by the insurance carrier that compensation was started on the 30th day of November, 1924, giving the date of the injury, amount of first payment from November 30, 1924, to December 6, 1924, and

the average monthly wage paid the employee. On December 12, 1924, the attending physician filed his report; on December 13, 1924, the employer filed its supplemental report on form 5 furnished by the Commission; on December 19, 1924, the employee filed with the Commission on form 3 furnished by the Commission notice of injury and claim for compensation in which he states his occupation to be receiving clerk for Rorabaugh-Brown Dry Goods Company, cause of accident "fell down elevator shaft," nature and extent of injury "fracture of 8th rib, right side, front." On February 6, 1925, there was filed with the Industrial Commission a final receipt and report, giving the date when the injury occurred, when compensation began, average weekly wages, rate of compensation paid, total paid employee, date disability ended, January 12, 1925; period of disability 6 weeks and 2 days; total hospital and medical expenses $91. The remainder of the instrument, omitting signature, reads as follows:

"Received of Rorabaugh-Brown Dry Goods Company, the sum of sixty-one & 55/100 dollars ($61.55) making in all, with weekly payments already received by me, the total sum of seventy-three & 09/100 dollars ($73.09) in settlement and satisfaction of all claims for compensation or damages, on account of injuries suffered by me by reason of accident on or about the 24th day of Nov. 1924, while in the employ of Rorabaugh-Brown D. G. Co."

Then follows an instrument styled "Approval of Settlement," signed by the three members of the State Industrial Commission and attested by the secretary. It is as follows:

"It is ordered: That the final payment of $61.55, making an aggregate sum of $73.09 heretofore paid as compensation in this cause, be and the same is hereby approved on this Feb. 9, 1925."

After this settlement, and about the 4th day of November, 1929, there was commenced a case in the district court of Oklahoma county, Okla., by C. J. Mathews, an incompetent, by Freeda Mathews Hughes, guardian, as plaintiff, against Rorabaugh-Brown Dry Goods Company. In that case the plaintiff for his cause of action against the defendant among other things alleged:

"That the plaintiff, Charles J. Mathews, is an incompetent, and that on the 14th day of October, 1929, at the county of Oklahoma. state of Oklahoma. the said Charles J. Mathews being a resident of said county, was by the county court of said county and state. after due notice and hearing. adjudged to be an incompetent person, and

that on the 14th day of October, 1929, Freeda Mathews Hughes, was, by said county court, appointed as the guardian of the person and curator of the estate of said Charles J. Mathews."

The plaintiff charged the defendant with negligence. Relative to the settlement approval in the Industrial Commission, the plaintiff alleged:

"That when the plaintiff was injured in November, 1924, as above alleged, this defendant knew that this plaintiff's employment was not covered by the Compensation Act, but for the purpose of deceiving this plaintiff and of depriving him of his rights, this defendant did make a report to the Industrial Commission on December 12, 1924, and had this plaintiff sign a copy of said report and a claim for compensation on December 18, 1924. Then to further mislead this plaintiff this defendant did furnish medical care for this plaintiff; that he paid this plaintiff his full salary during his absence and while he was ill; that the plaintiff was put back to work around the middle of January, 1925; even at that time plaintiff was unable to come to the store alone. but some of the defendant's employees at the defendant's instructions would come after the plaintiff and take him to the store, that the plaintiff was unable to do his regular work, but was given lighter work and only stayed for a few hours in the store."

This petition was verified by the guardian of the plaintiff as true and correct. (Record p. 83.) The defendant filed a motion to require election and to make more definite and certain and to strike. This motion was overruled in part and sustained in part. The defendant then demurred to the petition of plaintiff and the demurrer was overruled by the court. The defendant then answered, in which it denied the allegations of plaintiff's petition except certain allegations admitted and others disposed of by special pleas. They plead assumption of risk, contributory negligence, and in the 6th paragraph of its answer allege that:

"This defendant further alleges and states that on and prior to November 23, 1924, in the transaction of its business, the defendant operated a number of elevators, one of which was a freight elevator, described in plaintiff's petition and which plaintiff was employed to operate, and that it maintained offices in the building used by it, for the transaction of its business, and had in its employ more than two employees engaged in the operation of its elevators, and that it was engaged in a hazardous occupation as defined by the Workmen's Compensation Law of the State of Oklahoma, and that on or about August 13, 1924, it complied with the Workmen's Compensa-

tion Law of the State of Oklahoma, by procuring from Union Indemnity Company, a company engaged in the business, and authorized to issue Workmen's Compensation policies in the state of Oklahoma, insuring the payment to employees of the defendant sustaining accidental personal injuries, and benefits provided by said Workmen's Compensation Law and that said policy was in full force and effect on both the 23rd and 24th days of November, 1924, and by reason thereof, this Honorable Court is without jurisdiction of the subject-matter of this action and plaintiff is not entitled to recover from this defendant."

The plaintiff for reply denied each, every, and all of the material allegations of defense offered in defendant's answer. Upon the issues joined, the case in the district court of Oklahoma county was called for trial, and the plaintiff produced his evidence and the defendant demurred to the same; and, on March 24, 1930, the demurrer was by the district court of Oklahoma county considered and sustained, and the following judgment rendered upon the demurrer:

"It is, therefore, ordered, considered and adjudged that the defendant's demurrer to the plaintiff's evidence be and the same is hereby sustained, and that the plaintiff take nothing from the defendant by reason of this action and that the defendant have and recover of and from the plaintiff its costs herein expended, to all of which the plaintiff excepts, and is allowed an exception."

The evidence taken in the district court of Oklahoma county is not set out in the transcript in this case. After the disposition of the case in the district court of Oklahoma county, and on January 29, 1932, C. J. Mathews, by Freeda Mathews Hughes, as guardian, filed a motion to reopen the proceedings before the State Industrial Commission and to award the claimant further compensation on the grounds of a change in his condition. Upon this motion being filed, the State Industrial Commission set the cause for hearing before the Commission on March 7, 1932. At that time the claimant appeared by his attorneys and the respondent and insurance carrier appeared by their attorneys. With the consent of the Commission, and without objection by claimant, the respondents by their counsel dictated into the record the following objections to the Commission hearing the motion to reopen:

"Comes now the respondent and insurance carrier and for response to the motion to reopen respectively show this honorable Commission that the respondent at the time of the alleged injury and prior thereto and since that time has been engaged in the retail dry goods business in the state and city of Oklahoma City, Okla., and not in any hazardous employment within the terms and provisions of the Workmen's Compensation Law; that therefore this honorable Commission is without jurisdiction to entertain the motion filed herein."

And further pleaded the commencement and termination of the cause in the district court of Oklahoma county, Okla. The plea to the jurisdiction of the Industrial Commission was denied and evidence taken upon the motion to reopen. At the conclusion of the hearing, the Industrial Commission, on the 2nd day of April, 1932, found that, on November 24, 1924, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and awarded him permanent total disability for a period of 500 weeks at the rate of $11.54 per week.

The petitioners herein have commenced this proceeding in this court to review the findings and award made by the Commission on the motion to reopen the cause on the ground of a change in condition. It would be difficult indeed to determine this case if it was necessary for this court to pass upon the different theories and positions taken by the parties to this action before the Industrial Commission and the district court of Oklahoma county, as disclosed by the above statement of the case.

The petitioners submit this cause for our consideration, however, upon five assignments of error, the first one argued being that the Industrial Commission had no jurisdiction to award the claimant compensation because he was not engaged in any of the hazardous employments specified in the Workmen's Compensation Law when injured.

Section 7283, C. O. S. 1921, as amended by section 1, c. 61, Session Laws 1923 (13349, O. S. 1931), enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law. Where the Commission has determined from the evidence the fact that the claimant is engaged in a given employment, determined his duties under such employment, determined that he has sustained injuries while in the discharge of his duties, and the extent of such injuries, together with all facts pertaining thereto, it then becomes a question of law whether such facts come within the meaning of the term "hazardous employment" as defined by section 7284, C. O. S. 1921, as amended by section 2, c. 61, Ses-

sion Laws 1923. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491. Section 7294, C. O. S. 1921, as amended by section 7, c. 61, Session Laws 1923 (13360, O. S. 1931), provides in part that:

"Any time after the expiration of the first five days of disability on the part of the injured employee, a claim for compensation may be presented to the Commission. If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such agreement, in form as prescribed by the Commission, and signed by both the employer and employee, may be immediately filed by the employer with the Commission, and if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto, such agreement shall be approved by the Commission only when the terms conform to the provisions of this act. * * * The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article (13363) as to all questions of law."

Section 7295, C. O. S. 1921 (13361, O. S. 1931), provides in part that:

"In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act.

"2. That sufficient notice thereof was given. * * *"

The section in regard to presumptions is the same in our law as section 21 of the Workmen's Compensation Law of New York relative to presumptions. Section 13363, O. S. 1931, provides in part that the award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the party affected, an action is commenced in the Supreme Court of the state to review such award or decision, but the award or decision of the Commission is not final and conclusive upon questions not within its jurisdiction.

It is a well-settled rule of law of this court that retail mercantile establishments or businesses do not come under the provisions of section 7283, as amended, supra. S. W. Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929; Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491; Mobley v. Brown, 151 Okla. 167, 2 P. (2d) 1034; Sunshine Food Store v. Moorehead, 153 Okla. 301, 5 P. (2d) 1066; Crown

Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519; J. B. Herd Hdw. Co. v. Kirby, 160 Okla. 2, 15 P. (2d) 823. It is equally well settled that the facts in a particular case may bring a branch or department of a retail business under the provisions of the Workmen's Compensation Law as in Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456, where we held that:

"Where the record shows that a claimant under the Workmen's Compensation Act was employed in a factory wherein curtains and draperies were fabricated and in which an electrically driven sewing-machine was used, or in a workshop wherein furniture was repaired, painted, and upholstered and in which an electrically operated paint gun and a foot power sewing-machine were used, the same is sufficient to support a finding of the State Industrial Commission that the employment was within the terms of the Workmen's Compensation Act. Chapter 61, Sess. Laws 1923."

See, also, Southwest Grocery Co. v. State Industrial Commission and Sunshine Food Stores v. Moorehead, supra.

For illustration, A. filed with the State Industrial Commission a claim for compensation against B. for an accidental personal injury, in which he states in his claim that he is employed in one of the industries or business enterprises enumerated and designated in section 7283, as amended by section 1, chapter 61, Session Laws 1923 (13349, O. S. 1931). A. and B. reach an agreement as to the facts with relation to the injury for which compensation is claimed. A memorandum of such agreement, in form as prescribed by the Commission, and signed by both the employer and the employee, is filed by the employer with the Commission, and the Commission examines it and finds the terms come within the provisions of the Workmen's Compensation Law and approves the same; or the employer and employee fail to agree upon the facts, and notice is given by the Commission to the parties in interest and a hearing is held upon the claim, and the notice of the employer given to the Commission of the injury as required by law, and the claim for compensation and the agreed statement of facts considered with the claim and notices or the evidence taken upon the hearing, as the case may be, shows that the industry or business enterprise is one of those enumerated and designated in section 7283, as amended, supra, then, in the absence of substantial evidence to the contrary, the Commission, in applying the law to the facts, shall presume: (1) That the claim comes within the provisions of

the Workmen's Compensation Act; (2) that sufficient notice thereof was given; (3) that the injury was not occasioned by the willful intention of the injured employee to bring about the injury to himself or another; (4) that the injury did not result solely from the intoxication of the injured employee while on duty; and (5) that the injury did not result directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the Labor Commissioner. Section 7295, C. O. S. 1921 (13361, O. S. 1931). And the claimant is not required to prove the business or industry enumerated and designated in the claim for compensation as a factory, cotton gin, etc., named in section 7283, as amended, supra, if admitted in the notice of injury of the employer to the Commission, or if admitted in the agreed statement of fact, is, in fact, a factory, cotton gin, etc., or that it is a "hazardous employment," as defined in section 7284, as amended, supra. If the fact relative to the business is not admitted by the employer, then the employee must offer some competent evidence that his employment is in one of the businesses or industries in section 7283, or the facts must bring the branch or department of the business under said section.

After the above mentioned facts are admitted, or some competent evidence offered in regard to same, before an award is made, the agreed statement of facts, or the evidence offered at a hearing, as the case may be, must show the relation of employer and employee; that the accidental personal injury arose out of and in the course of the employment, and the nature and extent of the injury at the time the agreed statement of facts is filed or the hearing held. If the employer desires to contest any of the facts which the Commission is authorized to presume exist after the claim is brought within the industries and business enterprises enumerated and designated in section 7283, supra, as amended, then the burden is upon the employer to offer substantial evidence to rebut the presumptions named in section 7295, supra. But where the Legislature has not placed the business industry, or occupation under the act, and it is necessary for the facts to bring the same under the provisions of the act, then the burden is upon the employee to show by the agreed statement of facts, or prove by some competent evidence, that the branch or department of the business or industry in which he was injured is within the terms and provisions of the act. This is in harmony with the former holdings of this

court. We held in Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 177, that, under the claim presented, the notice given by the employer to the State Industrial Commission of the accidental personal injury and the agreed statement of facts that the employee brought himself under the act by showing that in the branch or department of the business where he was employed his employment brought him within the definition of an employee in a workshop defined in section 7284, C. O. S. 1921, as amended by section 2, c. 61, Session Laws 1923, (Stat. 1931, sec. 13350), and that after the Industrial Commission had made a finding of fact and there was some competent evidence to sustain the same, the branch or department of the business where the claimant was injured came within the definition of a workshop, and the findings of the Industrial Commission were not appealed from within 30 days, there being some competent evidence to support the same, it became final and conclusive and fixed the status of the claimant, and that the employer or insurance carrier would not be permitted to question the jurisdiction of the State Industrial Commission to award further compensation on the ground of a change in conditions. In the case of Skelly Oil Company v. Daniel, 154 Okla. 199, 7 P. (2d) 156, the business of the Skelly Oil Company comes under the terms and provisions of section 7283, as amended, supra. In Pinkston Hdw. Co. v. Hart, 159 Okla. 6, 12 P. (2d) 681, parties submitted the case to the Industrial Commission upon an agreed statement of facts and we held that under the claim filed by the employee for compensation and under the notice of the accident given by the employer to the Commission, the doctor's report, and the agreed statement of facts, being considered together, that there was some competent evidence to sustain the award of the Industrial Commission and to show that the employment was in a branch of the business using power driven machinery and that the facts brought that branch of the business within the definition of a workshop. In the case of J. B. Herd Hdw. Co. v. Kirby et al., supra, we held that:

"The industry of retail hardware is not listed as one of the employments included within the Workmen's Compensation Law in section 7283. C. O. S. 1921 as amended by Laws 1923, c. 61, sec. 1. Not being included in this list of employments, there is no presumption of law that an employee who sustains an accidental personal injury arising out of and in the course of his employment in an industry, not enumerated under section 7283, supra, comes within the

provisions of the Workmen's Compensation Law. Under such circumstances, it is incumbent upon the injured employee to show that the facts and circumstances bring his employment within the meaning of the Workmen's Compensation Law."

The facts in that case are very similar to the facts in the case under consideration.

While it is stated in the brief of respondents that "A stipulation and receipt of settlement upon form No. 7, as approved by the Commission, was entered into and the court formally reviewed the facts and made an award," we have searched the record and fail to find where an agreed statement of facts on form 7 as prescribed by the Commission was ever signed by both the employer and the employee and filed as provided in section 7294, as amended, supra. The memorandum of agreement as to the facts authorized by said section as amended is referred to in some of the decisions of this court as "a stipulation and receipt," but there is no agreement as to the facts in this case with relation to the injury to be found in the record. We presume counsel for claimant when they refer to a stipulation and receipt in their brief mean the final receipt and report which we have set out in the statement. If an agreed statement of facts on Form 7 had been filed and considered by the Commission and the facts agreed upon, taken in connection with the facts alleged in the claim for compensation and the notice required to be given by the employer to the State Industrial Commission and which the record shows was given, disclosed any competent evidence upon which the Commission was justified in making an award in this case in February, 1925, then, in our opinion, such facts would bring it within the rule announced in Hughes Motor Co. v. Thomas and Pinkston Hdw. Co. v. Hart et al. Cases, supra; but such is not the condition of the record in the case at bar.

It will be noted that there is excepted from the businesses, industries, and enterprises named in section 7283, supra, employees employed exclusively as clerical workers and farm buildings and farm improvements being constructed, repaired, or demolished, and that by the terms of sections 7283 and 7284, supra, certain businesses and industries, among them being agriculture, horticulture, dairy or live stock raising, operating railroads engaged in interstate commerce, are specifically excluded from the Workmen's Compensation Act; so, when a claim for compensation is filed and presented to the Commission, if the employer and the injured employee shall reach an agreement as to the facts with relation to the injury for which compensation is claimed and submit a memorandum of such an agreement to the Commission in form as prescribed by the Commission and filed by the employer, or evidence is offered at a hearing as provided for in section 7294, as amended by section 7, chapter 61, Session Laws 1923 (13360, O. S. 1931), the Commission must determine from the claim, notices required to be given, and agreed statement of facts, or from the claim, notices, and the evidence offered at a hearing, among other things, does the employment come under section 7283, as amended, supra, and did the injury arise out of and in the course of the employment? If the employment does not come under the act, then do the facts under the agreed statement of facts or evidence, as the case may be, bring the branch of the business under the act, such as a factory or workshop as defined in section 7284, as amended, supra? If so, do the facts show that the injury arose out of and in the course of the employment of the employee in such branch or department, or did his employment require him to be in that branch or department of the business at the time and place he was injured? When these facts are either agreed to and submitted to the Commission or there is offered some evidence that the business is one that the Legislature has placed under the act or that the facts bring it within the provisions of the act, and the Commission upon any competent evidence set forth in the agreed statement of facts or introduced at a hearing finds that the business or industry or occupation comes under the act or that the facts bring the department in which the employee was employed or in which his employment required him to be at the time of the injury and show that the relation of employer and employee existed and that the accidental injury arose out of and in the course of the employment and the nature and extent of the injury at the time of the filing of the agreed statement of facts or hearing, and no proceeding is commenced to review such findings and award within the time fixed by law, then the same become final and conclusive and upon a motion to reopen on the ground of a change in condition such facts are binding upon each party; but where there has been no agreed statement of facts presented or evidence offered and no finding made by the Commission, then upon a motion to reopen on the ground of a change in condition and it is contended and evidence is offered to prove that the business or industry is not under te act, it is the duty of the Commission to hear testimony upon that issue and determine its jurisdiction, and either

party may file a proceeding in this court to review such finding. This is in harmony with the holdings in the cases above cited and in harmony with the holdings of the appellate courts of New York. after which our law was patterned. In re Larson v. Paine Drug Co. et al, 218 N. Y. 252, 112 N. E. 725; Collins v. Brooklyn Union Gas Company, 156 N Y. S. 957; Hassen v. Elm Coal Co., 172 N. Y. S. 430; In re Rheinwald, Brick and Supply Co., 153 N. Y. S. 598.

Our attention is also called to the case of Doey v. Clarence P. Howland Co., Inc., et al., 224 N. Y. 30, 120 N. E. 53, and London Guaranty & Accident Company, Ltd., et al. v. Sterling (Mass.) 124 N. E. 286. In our opinion neither of these cases is in point, for the reason that the same relate to employment in work that is specifically excluded from the terms and provisions of the Workmen's Compensation Law of New York and Massachusetts, respectively. They come more in the class of cases under our statute such as railroads operating as common carriers engaged in interstate commerce and the other businesses and industries heretofore mentioned, which are expressly excluded from the act.

We are of the opinion, and hold, that under the evidence in this case it is conclusively established that Rorabaugh-Brown D. G. Company was a retail dry goods department store, and that the employment of claimant in operating a hand lift elevator in such retail store did not come under the businesses, industries, and occupations named in section 7283, as amended, supra, and that the facts do not bring definition of a factory or of a workshop: and department of the store under the that the word "elevators," named among the businesses and industries coming within the act, according to its placement, clearly means the business of operating elevators and does not refer to the employment of a person to operate a freight, passenger, or other elevator other than a business elevator, for the reason that in the same section we find that the Legislature specifically places the occupation of operating and repair of elevators in office buildings in section 7283, as amended by section 1, chapter 61, Session Laws 1923, (Stat. 1931, sec. 13349).

Having arrived at the conclusion that the employment of claimant does not come under section 7283, as amended, supra, and that the facts did not and cannot bring it within the provisions of the Workmen's Compensation Law, and that the Industrial Commission was without jurisdiction to make the award, it is not necessary to consider the other assignments of error.

For the reasons herein stated, we are of the opinion that the Industrial Commission was without jurisdiction to make the award on the motion to reopen the case on the ground of a change in conditions, and the award made and entered on April 2, 1932, is ordered vacated and the claim dismissed for want of jurisdiction.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.