## KELLY v. STATE INDUSTRIAL COMMISSION et al.

No. 26141.   May 28, 1935.

Morris & Wilhite, for petitioner.

Melton & Melton, for respondents.

PHELPS, J.   This is an original proceeding to review an award of the Industrial Commission, the facts being substantially as follows:

Petitioner, D. L. Kelly, had an interest in retail grocery stores in Anadarko, Carnegie, Mountain View, and Eakly, Okla. He also had an interest in filling stations at Mountain View, Bridgeport, Hobart, Lone Wolf, Clinton, and El Reno, Okla. The filling stations at Hobart, Lone Wolf, and Clinton did some wholesale business. At the other places the business was largely retail. Each business was operated upon a separate basis with a local operator or manager who owned an interest in the business at each place, and said local operator or manager had no interest in the other places of business.

The petitioner had a truck in which he hauled gasoline and filling station supplies for the various stations for which he made a certain per gallon charge for hauling, which charge was paid from the proceeds of each individual station, according to the amount of supplies furnished it by said truck. On some occasions the petitioner would purchase the gasoline and other supplies outright and deliver certain quantities to the various stations.

For a number of months the claimant or respondent Thomas was the driver of this truck. Some time about Christmas, 1933, claimant's services as such truck driver were dispensed with. After a few days, however, he was put to work by petitioner at the task of assisting in installing pumps and doing work about the various filling stations for a period of something like one month. He was paid for this service by petitioner's bookkeeper, who allocated the expense of his services to the various stations where he worked in proportion to the services performed for each station, and petitioner was to be reimbursed from the funds of such stations according to the amount of work performed for that individual station.

Petitioner then put Thomas to work for the Kelly Motor Company at Carnegie, his duties consisting of such odd jobs about the station, other than mechanical work, as were necessary to be done. The Kelly Motor Company was a corporation in which petitioner held less than a majority of the stock. However, it appears that in all of the various businesses petitioner was the financial backer and the one to whom all questions of controversy or dispute were referred, and he, it appears, controlled the general policy of the various business places. On the day before the injury complained of occurred, one of petitioner's associates was removing his household goods from Mountain View to El Reno. When the truck hauling said household goods reached Carnegie, petitioner suggested that Thomas drive the truck on from Carnegie to El Reno and instructed him that when he unloaded the household goods at El Reno to then proceed to Oklahoma City and procure and bring back certain groceries and other supplies for the grocery stores and filling stations. Having performed this service, he started on his return trip to Carnegie and en route he stopped

upon the highway to make repairs to the truck, and while thus engaged an automobile ran into said truck, resulting in personal injuries to Thomas.

He filed his claim for compensation with the State Industrial Commission, which, after hearing, found that he had received an injury "arising out of and in the course of his employment" and awarded him compensation.

Petitioner very strenuously urges that the award should be vacated and set aside for the reason that the same is not justified by any provision of the Workmen's Compensation Act.

We have carefully searched the record in an effort to ascertain the grounds or reasons forming the basis of the Commission's award, and the only possible foundation therefor, as we view it, is upon the ground that petitioner was engaged as a "wholesale mercantile establishment," and this the evidence wholly fails to justify. It is the contention of counsel for claimant that the claimant was a "general employee" of a man or business coming within some of the provisions of section 13349, O. S. 1931, and the only provision of said act upon which they introduced proof was the wholesale feature of petioner's business. If it be contended that the employee is entitled to the award by reason of the fact that he is employed by the garage where machinery is operated, the answer to that contention is, first, that the claimant himself testified that he did no mechanical work; second, the garage was a corporation in which petitioner appears to be a dominating factor, although a minority stockholder; therefore, the claim would have to be prosecuted, not against petitioner, but against the corporation.

It is urged by counsel for respondents that, the Industrial Commission having found that the employee comes within the provisions of the act, and that being a question of fact, such finding will not be disturbed by this court. We have repeatedly held that the findings of the Commission on disputed questions of fact are conclusive and we will not review the same, but that is not the question presented by this appeal. Under the facts presented and about which there is little, if any, dispute, the question here is whether the claimant was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Act. We have frequently held that it is the duty of the Industrial Commission to determine from the evidence what the duties of the injured employee were, what work he has to perform, the extent of his injuries and all the other facts pertaining thereto, and when it does so it then becomes a question of law whether such facts come within the meaning of the term "hazardous employment" within the contemplation of the act, and this court, under our decisions, is bound by the findings of fact made by the Industrial Commission. Whether the facts found bring the employee within the provisions of the act is a question of law for this court to apply to the facts found by the Industrial Commission. Drumright Feed Co. v. Hunt et al., 90 Okla. 277, 217 P. 491; Stayman et al. v. McKellop, 165 Okla. 183, 25 P. (2d) 701.

The rules of the law laid down in the above opinions and the authorities therein cited bring us to the inevitable conclusion that as a matter of law the Industrial Commission committed error in making its award, and the same is hereby vacated and set aside.

McNEILL, C. J., and BUSBY, WELCH, and CORN, JJ., concur.