## MAYO HOTEL et al. v. BARNEY et al.

No. 27952. Dec. 21, 1937.

Pierce & Rucker and Fred M. Mock, for petitioners.

Hamilton & Clendinning, Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondents.

RILEY, J. This is an original proceeding to review an award of the State Industrial Commission, and but one question is involved, which is, whether the State Industrial Commission had jurisdiction. This question is dependent upon whether the Workmen's Compensation Law is applicable to the character of work done by claimant, Barney, at the time he was injured. It is readily apparent that the employer, the Mayo Hotel, is not engaged in a business, that of operating a hotel, which eo nomine, falls into the classification of being hazardous as enumerated by the statute, section 13349, O. S. 1931. Central Surety & Ins. Corp. v. State Industrial Comm., 180 Okla. 385, 69 P. (2d) 1036. But by virtue of the same section, an employee in a "workshop" within the meaning of the Workmen's Compensation Act, when engaged in performance of duties connected with or incident to such employment, is within the protection of the Compensation Act, for compensation is payable for injuries sustained by employees engaged "in the following hazardous employments * * * workshop where machinery is used * * * electric lights or power plants or lines, steam heating or power plants. * * *"

Section 13350, O. S. 1931, defines "workshop." It means:

" 'Workshop' means any premises, yard, plant, room, or place wherein power-driven machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise or incidental to the process of making, altering, repairing, printing, or ornamenting, cleaning, finishing or adopting for sale or otherwise any article, or part of article, machine or thing over which premises, room or place the employer of the person working therein has the right of access or control."

The said section also provides that where several classes or kinds of work are performed, "the provisions of this act shall ap-

ply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

Despite what was said in the Central Surety Case, supra, by way of reliance upon Scottish and English authority, we think, and hold, that a workshop may be maintained and conducted by a hotel business as a part of service rendered by it for "trade or gain," or at least "by way of trade for gain or otherwise," as contemplated by the statute, subdivision 11, section 13350, supra. Sunshine Foodstores v. Moorehead, 153 Okla. 301, 5 P. (2d) 1066.

In that cause a retail meat market was not under the statute, eo nomine, hazardous, but when a power-driven meat grinder was used therein, it became a workshop, as defined by statute, and whether or not employment was hazardous became a question of fact and not merely subject to statutory designation of business engaged in by the employer. Gooldy v. Lawson, 155 Okla. 259, 9 P. (2d) 22.

A line of demarcation is noted in the cases of City of Duncan v. Ray, 164 Okla. 205, 23 P. (2d) 694, where a city traffic officer was not covered by the act, and Veazey Drug Co. v. Bruza, 169 Okla. 419, 37 P. (2d) 294, concerning a deliveryman, and Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141, concerning a "hand-lift elevator" in a retail department store, which did not transform it into a workshop. See, also, Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. (2d) 1049.

The claimant, Barney, was employed by the Mayo Hotel Company for six years prior to May 4, 1936, when, while removing a ceiling electric fan in the ballroom, he fell from a ladder, the support giving way, and received serious injuries. Barney was employed in the engineer's department of the hotel, where ten men did similar work and three the identical work of claimant. This work was electrical, such as installing and wiring motors and fans. The engineer's department was equipped with three boilers, a hot water pump, work benches, circulating fans, and a refrigerator room. In this "room or place" Barney repaired pumps and boilers in addition to electrical labor such as he performed on motors of elevators. This was "bench work." His duties called upon him to do "wiring" over the entire hotel such as he was engaged in when injured. This labor was in connection with the duties performed by Barney on the bench in the engineer's room. On cross-examination claimant testified he was general utility man.

We conclude that the State Industrial Commission was justified by the evidence in its view that the Mayo Hotel operated a workshop within the meaning of the statute; that Barney was employed there and that the accidental injury arose out of and in the course of his employment. Award affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur. WELCH, PHELPS, and DAVISON, JJ., absent.