HURLEY v. O'BRIEN et al.

No. 30861. May 18, 1943.

*137 P. 2d 592.*

Blakeney & Blakeney, of Oklahoma City, for petitioner.

Mellville F. Boddie, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, V. C. J. This is an original proceeding in this court brought by Oscar Hurley, doing business as Oscar's Food Mart, hereinafter referred to as petitioner, to obtain a review of an award which was made by trial commissioner and affirmed by the State Industrial Commission in favor of E. W. O'Brien, hereinafter referred to as respondent.

The essential facts reflected by the record will be briefly stated. Respondent was employed as a butcher in the grocery and market of petitioner at 500 East 6th street in Oklahoma City, on November 25, 1941, when he injured the little finger of his right hand by closing a truck door on it when he was returning some empty chicken coops to the Lieberman's Produce Company. On November 20, 1941, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation for disability which had resulted from the injury sustained in the manner above stated. The petitioner filed an answer in which he denied that the injury of respondent had been sustained in a compensable employment and in which he alleged that the injury had been sustained by respondent as the result of his willful intoxication.

The evidence adduced at hearings held to determine the liability and extent of disability disclosed that the business in which respondent was employed was an ordinary grocery and market which employed five people, including the petitioner, his son, two clerks and the respondent, and that the duties of respondent were those of a butcher in the meat market, in which there was an electric meat slicer and an electric sausage grinder. The evidence further disclosed that the business was that of a retail mercantile establishment, although respondent testified that they had done some wholesale business. Upon the evidence, substantially as above narrated, the trial commissioner made the following findings of fact:

"1. That on the 25th day of November, 1941, the claimant was in the employ of the respondent herein, said respondent being engaged in part in an occupation or business subject to and covered by the provisions of the Workmen's Compensation Law, and on said date, while engaged in an employment covered by and subject to the provisions of the Workmen's Compensation Law, the claimant sustained an accidental personal injury, arising out of and in the course of said employment, to wit: Injury to little finger of right hand.

"2. That at the time of said accidental injury claimant's average weekly wage was $30, fixing his compensation rate at $18 per week.

"3. That as a result of said injury the claimant is now and has been at all times subsequent to November 25, 1941, temporarily totally disabled and in need of medical attention, for which period of temporary total disability, November 25, 1941, less the 5 days waiting period, to January 19, 1942, claimant is entitled to compensation in the sum of $126, 7 weeks at the rate of $18 per week, and claimant is entitled to continuing compensation at the rate of $18 per week from January 19, 1942, until his temporary total disability as a result of said injury has terminated, or until further ordered by this commission, and the respondent should tender to claimant proper medical care and attention for the treatment of said injury."

The trial commissioner awarded compensation for temporary total disability at the minimum rate and medical attention for the injury. On appeal the State Industrial Commission, sitting en banc, affirmed the award so made.

Petitioner contends that the award is one which the State Industrial Commission is without jurisdiction to make for the reason the evidence shows that respondent was injured in an employment which is not covered by the Compensation Act (85 O. S. 1941 § 1 et seq.), and for the further reason that injury of respondent was sustained as a result of his willful intoxication.

We find it necessary to consider only the contention relative to the nature of the employment of the respondent.

That the injury of respondent, in order to be compensable, had to be sustained in an employment defined as hazardous by the Workmen's Compensation Act, supra, is well settled. See City of Duncan v. Ray, 164 Okla. 205, 23 P. 2d 694; Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. 2d 827; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Kelly v. State Industrial Commission, 172 Okla. 432, 45 P. 2d 725; Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. 2d 379.

It is likewise well settled that findings of fact by the State Industrial Commission on issues relating to its jurisdiction are not binding or conclusive on review, but that it is the duty of this court in such case to weigh the evidence and to arrive as its own view of the effect thereof in order that judicial process may be afforded the complaining party, it being recognized that the State Industrial Commission is not a court but rather an administrative body exercising some functions judicial in their nature. Griffin v. Holland, 191 Okla. 417, 131 P. 2d 113; Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777; McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

Applying the rule announced in the

foregoing cases to the award here under review, it becomes necessary to review the evidence to ascertain therefrom the employment in which respondent was engaged, that is, whether it was one of those enumerated in and defined as hazardous by the Workmen's Compensation Act, supra. As stated above, the evidence shows that respondent was employed as a butcher in a meat market, the business of which was primarily and essentially a retail one. Such business is not eo nomine one enumerated in and defined as hazardous by the act (85 O. S. 1941 § 2). We therefore inquire whether it becomes so by virtue of the fact that respondent testified that petitioner had done some wholesale business and thus made the business a wholesale mercantile establishment, or else by virtue of the fact that the market had therein an electric meat slicer and electric sausage grinder and thus converted the business into a "workshop where machinery is used."

The respondent contends that the evidence justified the finding that the business of the petitioner was a wholesale mercantile establishment, but in support of this contention he merely points to his testimony that petitioner had done some wholesale business, and the record is devoid of any facts from which it could be determined whether it was meant that petitioner had at some time sold goods to a customer at a wholesale price or in a wholesale lot. Assuming that such condition under certain circumstances shows the operation of a wholesale mercantile establishment, it is clearly negatived in the case at bar by subsequent testimony of the respondent, in answer to the direct inquiry as to the nature of the business in which he was engaged, that he was an employee of an ordinary grocery store and market. In Veazey Drug Co. v. Bruza, supra, we said:

"When a person is engaged solely in the operation of one or more retail mercantile establishments, the fact that he also maintains a separate storeroom or warehouse or central storage depot, used only for assembling and storing his own merchandise, and delivers merchandise therefrom only to his own retail stores as needed for retail sale, such facts do not constitute his engaging in the 'transfer and storage' business, nor is he thereby engaged in the operation or maintenance of a 'wholesale mercantile establishment.' "

It is apparent that, measured by the rule announced in the above case, the evidence in the case at bar wholly fails to support any finding that the respondent was an employee of a wholesale mercantile establishment, and therefore any award based upon the theory that the employment of respondent was in such a hazardous employment.

We next consider whether the presence of the electric meat slicer and electric sausage grinder in the meat market transformed the business from that of a retail meat market to a "workshop where machinery is used" and an employment enumerated in and defined as hazardous by the Workmen's Compensation Act, supra. We find that Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. 2d 1066, apparently supports the view that the presence of such equipment in a meat market transforms the business from a nonhazardous to a hazardous one. An examination of the above-cited case, however, will reveal that it is based upon the predicate that the prior case of Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456, was controlling, and inspection of the last-cited case will reveal that we were in error in so holding, and that in the Harbour-Longmire-Pace v. State Industrial Commission case, supra, we had the situation where a separate business was set up and being operated in connection with the retail business rather than the presence of equipment which was incidental to the real business of a retail store. We are of the opinion that Sunshine Food Stores v. Moorehead, supra, for the reasons above stated, should no longer be adhered to, but should be overruled, and that a return should be had to the rule announced in Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929, wherein we said:

"We are of the opinion that in the instant case the fact that the petitioner operated an electric sausage grinder in the meat market did not render the entire store a workshop,"

—since the rule so announced is consonant with both reason and the facts. Reflection will demonstrate what we mean. A retail meat market is one for vending meats at retail. The purpose of the equipment therein is to better effectuate and carry out the business of retail vending of meats, and whether such equipment is operated by hand or an electric motor is immaterial; so far as the nature of the business is concerned, it still continues to be a retail meat market and nothing more. This was the effect of our holding in Plaza Grill v. Webster, 182 Okla. 533, 78 P. 2d 818; Enid Cemetery Ass'n v. Grace, 177 Okla. 320, 59 P. 2d 284; Sims v. St. Anthony Hospital, 180 Okla. 385, 69 P. 2d 1040.

We have repeatedly held that an ordinary retail mercantile establishment is not a business which comes within the provisions of the Workmen's Compensation Act, supra. Veazey Drug Co. v. Bruza, supra; Great Atlantic & Pacific Tea Co. v. McHan, 162 Okla. 8, 18 P. 2d 875; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. 2d 141. Since the business in which respondent was employed was a retail one, the State Industrial Commission was without jurisdiction to make the respondent an award. The case of Sunshine Food Stores v. Moorehead, supra, is overruled insofar as the same is contrary to the views herein expressed.

The award is vacated, with directions to dismiss the claim.

CORN, C. J., and OSBORN, BAYLESS, and DAVISON, JJ., concur. WELCH, J., concurs in conclusion. RILEY and HURST, JJ., dissent. ARNOLD, J., absent.