McCLUNG v. COLCLASURE et al.

No. 32198. Sept. 17, 1946.

*172 P. 2d 623.*

Doggett & Doggett, of Ponca City, for petitioner.

T. L. Irby and Leonard G. Geb, both of Ponca City, Claud Briggs, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 13th day of September, 1944, Ralph Frank Colclasure, hereinafter called respondent, filed his first notice of injury and claim for compensation therein stating that on the 23rd day of August, 1944, while employed with the petitioner, Frank McClung, operating the Ponca Cleaners, he sustained an accidental injury arising out of and in the course of his employment when he injured his right foot.

On the 21st day of April, 1945, the State Industrial Commission entered an award for temporary total disability ordering payment in the sum of $48, and petitioner brings this proceeding to review said award.

The sole allegation of error, and assertion in the brief of petitioner, is that the State Industrial Commission erred as a matter of law in declaring that employment in the cleaning and pressing establishment owned and operated by the petitioner was hazardous within the meaning and definition of 85 O.S. 1941 § 1 et seq. That the injury of respondent, in order to be compensable, had to be sustained in an employment defined as hazardous by the Workmen's Compensation Act, supra, is well settled. City of Duncan v. Ray, 164 Okla. 205, 23 P. 2d 694; Southland Refining Co. v. State Industrial Commission, 167 Okla. 3, 27 P. 2d 827; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294; Kelly v. State Industrial Commission, 172 Okla. 432, 45 P. 2d 725; Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. 2d 379; Hurley v. O'Brien, 192 Okla. 490, 137 P. 2d 592. It is also well settled that findings of fact by the State Industrial Commission on issues relating to its jurisdiction are not binding or conclusive on review, but that it is the duty of this court in such case to weigh the evidence to arrive at its own view of the effect thereof in order that judicial process may be awarded the complaining party, it being recognized that the State Industrial Commission is not a court but rather an administrative body exercising some functions judicial in their nature. Hurley v. O'Brien, supra.

Applying the above announced rule, it becomes necessary to review the evidence to ascertain therefrom whether the employment in which the respondent was engaged was hazardous. The record discloses that the respondent was one of nine employees operating a shop where the petitioner was engaged in cleaning rugs, clothing and garments for the general public. For this purpose petitioner maintained and operated a shop where four power-driven motors were located. These motors operated a washer, extractor and a set of tumblers. Due to the failure of petitioner to contest the nature of the workshop the respondent did not definitely recite the operation of these motors with the exception of explaining the relation of the motor to the washing machine. We must assume, therefore, in the absence of any evidence to the contrary, that the remaining motors operated the remaining machines. These machines are operated constantly and perform the only functions of cleaning and pressing in the shop except pressing the garments which have to be pressed after they have been cleaned.

In Hurley v. O'Brien, supra, we said:

"A retail grocery and meat market is not one of the hazardous employments enumerated in and defined as hazardous by the Workmen's Compensation Act, supra, and is not made so by an occasional sale at wholesale nor by the presence of equipment therein incidental to the operation of the business and which may be operated by small electric motors instead of by hand. The case of Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. 2d 1066, insofar as it

holds to the contrary, is hereby expressly overruled."

It may be seen, therefore, in overruling Sunshine Food Stores v. Moorehead, supra, the court laid down the rule that power-driven machinery, which was a mere incident to the operation of the business not listed as hazardous in which an injured employee was employed did not make such business hazardous. Applying the converse of the rule therein announced to the case at bar, we hold that the employment was hazardous within the meaning of 85 O.S. 1941 § 3. Therein it is stated:

" 'Workshop' means any premises, yard, plant, room, or place wherein power-driven machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise, or incidental to the process of making, altering, repairing, printing, or ornamenting, cleaning, finishing, or adopting for sale or otherwise, any article, or part of article, machine or thing over which premises, room or place the employer of the person working therein has the right of access or control."

The machinery used in the workshop of petitioner is not a mere incident to the operation of the business. It is the principal operation in the cleaning and processing of rugs, clothing, and garments and the major operation on which the entire establishment is based.

In Mayo Hotel v. Barney, 181 Okla. 430, 74 P. 2d 621, we held that a "workshop" as defined in Compensation Law may be maintained and conducted by a hotel business as part of service rendered by it for trade or gain or at least by way of trade for gain or otherwise as contemplated by Compensation Law. 85 O.S. 1941 §§ 2, 3, and § 3, subd. 11.

An extensive review of the record and the evidence in support thereof convinces us that the employment of the respondent was hazardous within the meaning and definition of 85 O.S. 1941 § 3.

The award is sustained.

HURST, V.C.J., and RILEY, OSBORN, CORN, and DAVISON, JJ., concur. GIBSON, C.J., and BAYLESS and WELCH, JJ., dissent.