GATES v. WELDON et al.

No. 34128.    Oct. 17, 1950.

*223 P. 2d 372.*

R. Place Montgomery, of Hobart, for petitioner.

Jones & Wesner, of Cordell, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, V. C. J.  In this case petitioner, Beryle Leland Gates, seeks to vacate an order of the State Industrial Commission denying him compensation on a claim filed by him against respondent and employer, James Weldon, doing business under the name of I. G. A. Store.

It is not disputed that the petitioner sustained an accidental injury as stated in his claim and that such injury arose out of and in the course of his employment, nor is it disputed that as a result of such injury he lost the use of the thumb of his left hand.

The commission denied compensation on the sole ground that petitioner was not engaged in a hazardous employment at the time he sustained his injury.

Petitioner first contends that the order should be vacated because it is not supported by the evidence and is contrary to law. The principal facts are not disputed. They are:

Respondent was the owner of and operated a retail grocery store at Cordell, Oklahoma. In connection therewith and in a separate building he also operated a locker room and a butcher shop. The butcher shop and locker room are situated on the first floor of the building, are operated as a unit, but are separated by partition. There is located on the same floor a large cooling room which serves both the butcher shop and locker room and in which large quantities of meat are kept in storage.

The butcher shop is equipped with four electric power-driven machines, a band saw, meat slicer, and grinder, and a sealing machine. These machines were also used in the locker room. Petitioner worked in the butcher shop. His main duty was to remove the meat from the cooling room, cut, slice, or grind the same with the use of one or more of the electric power-driven machines; to place the meat in numerous and separate packages, wrap them in cellophane wrappers, and to then seal the wrappers with the use of the electric power-driven sealing machine. The packages after being thus specially prepared were delivered to the grocery store and there placed in the display case for display and sale.

Petitioner sustained his injury while working in the butcher shop and while engaged in cutting meat with the use of the electric power-driven band saw his hand slipped, and the thumb of his left hand was caught in the saw, resulting in the loss of his left thumb.

The locker room contained 604 lockers which were rented to private parties at a yearly rental charge. Patrons of the lockers purchased and delivered to the locker room meat in one-fourth and one-half sizes; there it was temporarily placed in the cooling room, and thereafter removed and cut, sliced, or ground and packaged with the use of one or more of these electric power-driven machines, and placed in storage in the private lockers contained in the locker room. An additional charge of four cents per pound was made for this service.

The evidence further shows that respondent on different occasions made sales from his retail store to hotels and restaurants at prices slightly less than the regular retail sales prices. Respondend in his testimony designated these sales as wholesale sales.

Petitioner contends that this evidence is sufficient to establish that respondent was conducting a wholesale mercantile business; that petitioner sustained his injury while performing work incident to and connected with the wholesale mercantile business, and was therefore engaged in a hazardous employment. However, petitioner's main contention is that the evidence is sufficient to establish that the locker room and butcher shop constituted a workshop within the meaning of the Workmen's Compensation Act, 85 O.S. 1941 §3, subd. (11), as amended by S. L. 1945, page 415. There is merit in this contention. The facts in this case are very similar to the facts in the case of Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456. In that case it appears that Harbour-Longmire-Pace was engaged in the operation of a retail furniture store in the city of Shawnee; also in connection with that business it fabricated and manufactured draperies and curtains from materials on hand and repaired furniture bought by it for sale and furniture repossessed by it after having been sold on conditional sale. In its drapery department it had a motor-driven, ordinary type sewing machine and in its repair department a large size foot-power sewing machine and a paint gun operated by electric motor. Claimant worked in the department

which upholstered and refinished furniture, helped hang draperies and did other work of a similar nature. We there held that insofar as it manufactured curtains and draperies the employer was operating a factory and that the shop where furniture was repaired constituted a workshop within the meaning of the Workmen's Compensation Act, and since the employee sustained his injury while performing work in connection with these departments he was engaged in a hazardous employment.

This case was later followed and approved in Dalton Barnard Hardware Co. v. Gates, 203 Okla. 268, 220 P. 2d 249, We there said:

"A separate department of a retail store wherein two or more employees work manufacturing curtains, draperies, and slip covers for sale, and an electrically driven sewing machine is used in the fabrication thereof, is a workshop within the meaning and definition of 85 O.S. 1941 §2."

See, also, McClung v. Colclasure et al., 197 Okla. 445, 172 P. 2d 623; Mayo Hotel v. Barney, 181 Okla. 430, 74 P. 2d 621.

Respondent, among other cases, in support of the order of the State Industrial Commission cites and relies upon Hurley v. O'Brien, 192 Okla. 490, 137 P. 2d 592. All of these cases are distinguishable from the present case on the facts.

In the Hurley case, supra, we held that a butcher shop operated in connection with a retail grocery store which was equipped with an electric power-driven meat slicer and sausage grinder did not transform the butcher shop and grocery store into a workshop. We there said:

"A retail grocery and meat market is not one of the hazardous employments enumerated in and defined as hazardous by the Workmen's Compensation Act, supra, and is not made so by an occasional sale at wholesale nor by the presence of equipment therein incidental to the operation of the business and which may be operated by small electric motors instead of by hand. The case of Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. 2d 1066, in so far as it holds to the contrary, is hereby expressly overruled."

We, however, in that case, distinguished it from the Harbour-Longmire-Pace case, supra, and in this connection we said:

"We find that Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. 2d 1066, apparently supports the view that the presence of such equipment in a meat market transforms the business from a nonhazardous to a hazardous one. An examination of the above-cited case, however, will reveal that it is based upon the predicate that the prior case of Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456, was controlling, and inspection of the last-cited case will reveal that we were in error in so holding, and that in the Harbour-Longmire-Pace v. State Industrial Commission case, supra, we had the situation where a separate business was set up and being operated in connection with the retail business rather than the presence of equipment which was incidental to the real business of a retail store."

What is there said applies to the present case.

The undisputed evidence in this case shows that respondent in connection with the operation of his retail grocery store also operated in a separate building and as a separate branch of his business a locker room and butcher shop which was equipped with electric power-driven machinery and which was installed for use in connection with the special work and separate business being conducted in the locker room-butcher shop department rather than as a mere incident to the operation of the grocery store.

The locker room and butcher shop consisted of a place where manual labor was employed and where meat,

with the use of electric power-driven machinery was specially prepared and adapted for sale or storage in the private lockers contained in the locker room in the manner stated in this opinion.

We conclude that under the particular facts and circumstances in this case, the locker room and butcher shop constituted a workshop within the meaning of the Workmen's Compensation Act and since petitioner sustained his injury while working in the workshop and while engaged in cutting meat with the use of an electric power-driven band saw, he was engaged in a hazardous employment and entitled to compensation.

Order vacated for further proceedings in conformity with the views herein expressed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.